UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRON SHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| Serve:  Anthony Williams, Mayor ) | |
| John A. Wilson Building ) | |
| 1350 Pennsylvania Avenue, NW ) | C.A. #_____ |
| Washington, DC 20004 ) | |
| ) | |
| and ) | |
| ) | |
| Corporation Counsel ) | COMPLAINT |
| Office of the Corporation Counsel ) | |
| 441 4th Street, NW, Suite 1060N ) | |
| Washington, DC 20001, ) | |
| ) | |
| and ) | |
| ) | |
| KEVIN DAVIS ) | |
| Metropolitan Police Department ) | |
| 300 Indiana Avenue, N.W. ) | |
| Washington, D.C.  20001, ) | |
| ) | |
| and ) | |
| ) | |
| KEITH GREEN, ) | |
| Metropolitan Police Department ) | |
| 300 Indiana Avenue, N.W. ) | |
| Washington, D.C.  20001, ) | |
| ) | |
| and ) | |
| ) | |
| JONATHAN GEER ) | |
| Metropolitan Police Department ) | |
| 300 Indiana Avenue, N.W. ) | |
| Washington, D.C.  20001, ) | |
| ) | |
| and ) | |

|  |  |
|---|---|
| ROBERT UNDERWOOD | ) |
| Metropolitan Police Department | ) |
| 300 Indiana Avenue, N.W. | ) |
| Washington, D.C. 20001, | ) |
|  | ) |
| and | ) |
|  | ) |
| M. NGYUEN | ) |
| Metropolitan Police Department | ) |
| 300 Indiana Avenue, N.W. | ) |
| Washington, D.C. 20001, | ) |
|  | ) |
| Defendants. | ) |

Preliminary and Jurisdictional Statement.

1. Plaintiff Darron Shaw was standing peacefully by the side of the road in the District of Columbia, when he was assaulted and severely beaten without cause by an officer of the Metropolitan Police Department. He seeks redress in this action, which arises under the common law of the District of Columbia and the Fourth and Fifth Amendments of the United States Constitution. This court has jurisdiction of this action under 28 U.S.C. §1331 and 1332, the parties being of diverse citizenship and the matters at issue exceeding $75,000 exclusive of interests and costs.

Parties

2. Plaintiff Darron Shaw is a resident of Maryland. He is African-American. He is 29 years old.

3.  Defendants Kevin Davis, Keith Green, Jonathan Geer, Robert Underwood and M. Ngyuen are police officers within the District of Columbia's Metropolitan Police Department ("MPD").  All their actions here at issue were taken under color of law of the District of Columbia.

4.  Defendant the District of Columbia operates the MPD as a public safety department.

Claim for Relief

5.  On February 15, 2004, in the middle of the afternoon, Mr. Shaw parked his car in front of a public park in the District of Columbia to install new wiper blades.

6. Mr. Shaw had committed no crime, nor had any witness identified him as having committed any crime. He was not engaged in any conduct which would have seemed in the least suspicious to a reasonable police officer.

7.  Suddenly, several police cars pulled up to where Mr. Shaw was standing.  As officers cuffed and detained several other African-American males present, defendant Davis ran up to Mr. Shaw, shouting at him to put his hands in the air.  Mr. Shaw complied.

8.  Defendant Davis then placed the barrel of his gun to Mr. Shaw's head, screaming numerous curses at him, including "You like fucking with old people" and similar statements.

9.  Defendant Davis then repeatedly struck Mr. Shaw in the face with his fist, threw him to the ground, stood over him, and continued to hit him with fists while Mr. Shaw was lying on the ground, helpless, screaming in pain and continually declaring his innocence of whatever it was that defendant Davis was so furious about.

10.  Defendant Davis continued to brutalize Mr. Shaw, repeatedly yelling at him to "shut the fuck up," threatening to kill him, kicking him, stomping on him, and dragging him across the ground.  Finally, defendant Davis ordered Mr. Shaw to "remember my face" and informed him that "I'll lose my job today and kill you if she points you out."  On information and belief defendant Davis was referring to his mother, who had apparently been victimized shortly before by a carjacking.  Defendant David then got into a car and drove away.

11.  Defendants Green, Geer, Underwood and Ngyuen were present during all or part of defendant Davis' beating of Mr. Shaw, but did nothing to stop it.

12. Once defendant Davis left, Mr. Shaw repeatedly asked the other defendants to call an ambulance.  They ignored him until defendant Green replied: "Don't nobody care about you. We'll call an ambulance once you pass out." On information and belief an onlooker, not any of the defendants, called for an ambulance.  In the meantime, defendants left Mr. Shaw tightly cuffed lying on the ground.

13.  Mr. Shaw's clothing and person were searched by defendants Ngyuen and Green while he was handcuffed.

14. En route to the hospital, Mr. Shaw asked defendant Ngyuen if he was being arrested. Defendant Ngyuen answered in the negative, but told him that he was being detained, for reasons that defendant Ngyuen declined to state.

15.  Mr. Shaw was never charged with any crime connected to the incidents that day or defendant Davis' mother.

16.  None of the defendants had probable cause or reasonable suspicion to believe that Mr. Shaw was implicated in the carjacking of defendant Davis's mother.  On information and

belief, he was targeted for the above-stated treatment solely because he was a young black male who happened to be in the general neighborhood where a crime was committed and met some sort of racially-based generic profile.

17.  Defendants Green, Geer, Underwood and Ngyuen did nothing to stop Davis from his violent misconduct toward Mr. Shaw and, on information and belief, other persons in the vicinity.

18. Defendants Green, Geer, Underwood and Ngyuen, as well as Davis' superiors in the Metropolitan Police Department, knew or should have known that Davis, whose mother was the victim of a carjacking, would react with violence against innocent citizens he baselessly suspected of perpetrating such carjacking.

19. What occurred here was not simply the out-of-control beating of a citizen by a rogue officer, but a violent attack unresistingly observed by numerous officers, none of whom did anything to rein in the assaulting officer.

20.  On information and belief, the District of Columbia has acted in accordance with employment, supervision and discipline policies and practices sufficiently lax as to invite and cause the abuse that occurred here.

21.  By reason of the above-described conduct, Mr. Shaw suffered extreme physical injury and pain, severe emotional distress, psychological trauma, and the humiliation and injury to reputation of being handcuffed on the ground and beaten by a policeman shouting horrible criminal accusations in public and in broad daylight in front of a crowd of onlookers.

22.  All prerequisites to the filing of the instant suit, including the giving of statutory notice for the common law claims against the District of Columbia, have been satisfied.

Causes of Action

Count I

Violation of Fourth Amendment: Defendant Davis

23. By beating and detaining Mr. Shaw with no legitimate law enforcement purpose as set forth above, defendant Davis violated Mr. Shaw's clearly established constitutional rights to be secure in his person and free from unreasonable personal seizure and search.

Count II

Violation of Fourth Amendment: Defendants Green, Geer, Underwood and Nguyen

24. By participating in the detention and search of Mr. Shaw without probable cause or reasonable suspicion, defendants Green, Geer, Underwood and Ngyuen violated Mr. Shaw's clearly established Fourth Amendment rights to be secure in his person and free from unreasonable personal seizure and search.

Count III

Violation of Fourth Amendment: District of Columbia

25. By maintaining employment, supervision and discipline policies and practices sufficiently lax as to invite and cause the beating of Mr. Shaw, his search and his detention, the District of Columbia likewise violated Mr. Shaw's clearly established Fourth Amendment rights to be secure in his person and free from unreasonable personal seizure and search.

Count IV

Violation of Fifth Amendment: Defendants Davis, Green, Geer, Underwood and Nguyen

26.  On information and belief, defendants Davis, Green, Geer, Underwood and Ngyuen targeted Mr. Shaw for his detention, search and beating on account of the identification of Davis's mother's assailant as a young black male, with no other reason to suspect Mr. Shaw. Defendants thus violated Mr. Shaw's right to equal protection of the laws and subjected him to official violence on account of generic profiles indicating his race, age and gender.

Count V

Assault and Battery: Defendants Davis and District of Columbia

27.  By his actions set forth above, Defendant Davis committed the common-law torts of assault and battery against Mr. Shaw, for which the District of Columbia is also liable in *respondeat superior*.

Count VI

False Arrest: All Defendants

28.  By their detention of Mr. Shaw with no reasonable suspicion or probable cause therefor, defendants Davis, Green, Geer, Underwood and Ngyuen committed the common-law tort of false arrest, for which the District of Columbia is also liable in *respondeat superior*.

### Count VII

### Defamation of Character: All Defendants

29.  By publically treating Mr. Shaw like a criminal, including handcuffing him in front of a crowd of onlookers, and by defendant Davis' shouting accusations relative to Mr. Shaw's purported criminal behavior and proclivity to "like fucking with old people," defendants Davis, Green, Geer, Underwood and Ngyuen, falsely and with gross negligence or recklessness published the explicit and implied allegation that Mr. Shaw was guilty of the crime of robbery, a felony, against a particularly vulnerable victim, thereby defaming him, in which the District of Columbia is also responsible in *respondeat superior*.

### Count VIII

### Gross Negligence

30.  On information and belief, the District of Columbia recklessly permitted defendant Davis to participate in an investigation of the carjacking of Davis's mother despite the fact that District officials knew or should have known that such participation would create an unreasonable risk of false arrests and physical assaults by officer Davis upon innocent citizens. This recklessness was the proximate cause of Mr. Shaw's injuries.

### Relief Requested

WHEREFORE, plaintiff requests an award of his actual damages (against all defendants) and punitive damages (except as to defendant District of Columbia) appropriate to the proof at trial, costs, including reasonable attorney's fees, and such other relief as is just.

      Mr. Shaw requests trial by jury.

                                   Respectfully submitted,

                                   DARRON SHAW,

                                   By counsel

Dated:   June ___, 2005

Counsel for plaintiff:

_____
Victor M. Glasberg, #927798
Paul Gowder
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
(703) 684-1100 / Fax: 703-684-1104
vmg@robinhoodesq.com

**Shaw\Pleadings\Complaint**