UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRON SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1284 (CKK) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| 441 4th Street, N.W. | ) |
| Washington, DC 20001 | ) |
| | ) |
| and | ) |
| | ) |
| KEVIN DAVIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant District of Columbia[1], through counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and 56, respectfully moves to dismiss, or alternatively for summary judgment, with respect to Counts V-VIII of the complaint. As the grounds for this motion, the District submits:

1. Plaintiff's common law claims of assault and battery, false arrest, and defamation are barred by the one-year statute of limitations.

2. Plaintiff failed to provide statutory notice of his claims pursuant to D.C. Code § 12-309.

The grounds in support of this motion are fully set forth in the accompanying memorandum of points and authorities, which is attached hereto and incorporated by reference.

---

[1] Although the complaint also names five individual Metropolitan Police Officers as defendants, it appears that plaintiff has not yet properly served any of the individual officers.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRON SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1284 (CKK) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| 441 4th Street, N.W. | ) |
| Washington, DC 20001 | ) |
| | ) |
| and | ) |
| | ) |
| KEVIN DAVIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
DISTRICT OF COLUMBIA'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT</u>

I.      INTRODUCTION

Plaintiff brings this action alleging that on February 15, 2004, several Metropolitan Police officers detained and assaulted him in the District of Columbia.  The complaint alleges that at the time the officers were investigating a carjacking of the mother of one of the officers, Officer Davis.  In addition to constitutional and common law claims related to the alleged detention and assault, plaintiff claims defamation from the officers' alleged public identification of him as the suspected criminal, and he also claims that the District was negligent in purportedly authorizing Officer Davis to participate in the investigation.  (Compl. ¶ 29, 30).

II.  ARGUMENT

In reviewing the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6), a court must accept the facts alleged in the complaint as true and draw any reasonable inferences from those facts in a light favorable to the plaintiff.  Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997). Alternatively, summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Applying these standards, this Court should dismiss the complaint or grant summary judgment with respect to all common law claims (Counts V-VIII).

A.  Plaintiff's Common Law Claims of Assault and Battery, False Arrest, and Defamation Are Barred by the One-Year Statute of Limitations.

In the District of Columbia, the statute of limitations for assault and battery, false arrest and defamation is one year.  D.C. Code § 12-301(4) (2001).  In this instance, plaintiff's claims of assault and battery, false arrest, and defamation accrued on February 15, 2004, the date of the alleged occurrence.  (Compl. ¶ 5).  Plaintiff did not file his complaint until June 27, 2005. (Compl.)  Because plaintiff filed his complaint more than a year after the occurrence, the statute of limitations bars these claims (Counts V-VII).

B.  Plaintiff Failed to Provide Statutory Notice of His Claims Pursuant to D.C. Code § 12-309.

The claims barred by the statute of limitations – assault and battery, false arrest, and defamation – as well as plaintiff's claim for gross negligence (Count VIII) are similarly barred under D.C. Code § 12-309.  "An action may not be maintained against the District" unless a

2

claimant provides the Mayor written notice of the "time, place, cause, and circumstances of the injury" within six months after the injury was sustained. D.C. Code § 12-309. As the District of Columbia Court of Appeals has repeatedly declared, "compliance with the statutory notice requirement is mandatory," and "notice under § 12-309 is a 'condition precedent' to filing a suit against the District." Gwinn v. District of Columbia, 434 A.2d 1376, 1378 (D.C. 1981). The requirements of Section 12-309 are also "to be construed narrowly against claimants." Doe by Fein v. District of Columbia, 697 A.2d 23, 29 (D.C. 1997).

Here, plaintiff acknowledges that he provided no written notice of his claim to the Mayor and instead relies on a police incident report (PD 251). (Exh. A). Although a written police report can be an alternative form of notice under Section 12-309, "the police report must contain the same information that is required in any other notice given under the statute." Id. at 27. Consistent with these requirements, "a police report must do more than merely report the happening of an event or accident; it must also report . . . any then apparent injury . . . which later forms the basis of a claim." Miller v. Spencer, 330 A.2d 250, 252 (D.C. 1974). In addition, "a police report must disclose both the factual cause of the injury and a reasonable basis for anticipating legal action as a consequence. Such notice would suffice, therefore, if it . . . described the injuring event with sufficient detail to reveal, in itself, a basis for the District's potential liability." Doe by Fein, 697 A.2d at 29, quoting Allen v. District of Columbia, 533 A.2d 1259, 1262 (D.C. 1987).

It is well-established that an ordinary arrest report does not constitute notice of a claim arising from the arrest. In Allen, for example, the Court explained:

> As set forth in the various reports, the details of Allen's arrest were not sufficient in and of themselves to signal the likelihood that this incident, more than any other, would generate legal action against the District. . . . Although events in the

3

> instant case, such as the arrest and detention, were indicated generally in the police reports, the facts as presented did not indicate a basis for potential liability over and above that which exists in many law enforcement operations. Indeed, a police report of an arrest is presumptively devoid of any notice of a potential claim of injury or damage from false arrest, assault and battery, or negligence.

533 A.2d at 1262; accord Jenkins v. District of Columbia, 379 A.2d 1177, 1178 (D.C. 1977) (holding Section 12-309 not satisfied because "a police arrest record, coupled with a criminal trial and acquittal, does not necessarily suggest that the arrest was 'false' or the prosecution 'malicious'"); Brown v. District of Columbia, 304 A.2d 292, 293 (D.C. 1973) (holding that a police report of arrest was insufficient notice of claim of false arrest and assault).

In the present case, the police incident report (PD 251) does not contain any facts that would reveal a basis for District liability. The police report mentions that plaintiff was one of several individuals stopped in connection with an investigation, but the report does not indicate that the stop was unlawful in any way. (Exh. A). Although the report mentions that plaintiff complained of shortness of breath due to a small windpipe, no assault or use of force was reported therein. Moreover, the police report does not mention any facts that might give notice of plaintiff's claim that the District was negligent in allegedly authorizing defendant Davis to participate in the investigation (Count VIII). See Hubbard v. Chidel, 840 A.2d 689, 696-97 (D.C. 2004) (holding that notice was insufficient to permit claim for District's negligent operation of a clinic, where notice did not mention negligence of the clinic, only negligence of a District employee).

Accordingly, plaintiff's failure to provide proper notice under D.C. Code § 12-309 bars his common law claims (Counts V-VIII).

4

III.   CONCLUSION

For the foregoing reasons, this Court should dismiss the complaint or grant summary judgment as to Counts V-VIII of the complaint.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRON SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1284 (CKK) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| 441 4th Street, N.W. | ) |
| Washington, DC 20001 | ) |
| | ) |
| and | ) |
| | ) |
| KEVIN DAVIS, *et al*., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## DEFENDANT DISTRICT OF COLUMBIA'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

1. Plaintiff did not provide written notice to the Mayor of the time, place, cause, and circumstances of the injury alleged in this case.

2. The police incident report (PD 251) mentions that plaintiff was one of several individuals stopped in connection with an investigation, but the report does not indicate that the stop was unlawful in any way. (Exh. A).

3. Although the police incident report (PD 251) mentions that plaintiff complained of shortness of breath due to a small windpipe, no assault or use of force was reported therein. (Exh. A).

3. The police incident report (PD 251) does not mention any facts that might give notice of plaintiff's claim that the District was negligent in allegedly authorizing defendant Davis to participate in the investigation. (Exh. A).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

2