UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRON SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1284 (CKK) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| 441 4th Street, N.W. | ) |
| Washington, DC 20001 | ) |
| | ) |
| and | ) |
| | ) |
| KEVIN DAVIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

<u>DEFENDANT DISTRICT OF COLUMBIA'S REVISED MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

Defendant District of Columbia[1], through counsel and pursuant to Fed. R. Civ. P. 12(b)(6)

and 56, respectfully moves to dismiss, or alternatively for summary judgment, with respect to Count

VIII of the complaint.  As the grounds for this motion, the District submits that plaintiff failed to

provide statutory notice of his claims pursuant to D.C. Code § 12-309.

The grounds in support of this motion are fully set forth in the accompanying memorandum

of points and authorities, which is attached hereto and incorporated by reference.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

---

[1] Although the complaint also names five individual Metropolitan Police Officers as defendants,
it appears that plaintiff has not yet properly served any of the individual officers.

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRON SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1284 (CKK) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| 441 4th Street, N.W. | ) |
| Washington, DC 20001 | ) |
| | ) |
| and | ) |
| | ) |
| KEVIN DAVIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
DISTRICT OF COLUMBIA'S REVISED MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT</u>

I.    INTRODUCTION

Plaintiff brings this action alleging that on February 15, 2004, several Metropolitan

Police officers unlawfully detained and assaulted him in the District of Columbia.  The

complaint alleges that at the time the officers were investigating a carjacking of the mother of

one of the officers, Officer Davis.  In addition to constitutional and common law claims related

to the alleged detention and assault, plaintiff claims that the District was negligent in purportedly

authorizing Officer Davis to participate in the investigation.  (Compl. ¶ 30).

The District originally filed a motion to dismiss or in the alternative for summary

judgment on September 19, 2005.  Following the motion, plaintiff stipulated to the dismissal of

his common law claims for assault and battery (Count V), false arrest (Count VI) and defamation

(Count VII).  The only remaining common law claim is for negligence  (Count VIII).  Based on

this stipulation and on additional documentation identified pertaining to defendant's statutory

notice argument, the defendant respectfully files this revised motion to dismiss or in the

alternative for summary judgment.


II.     ARGUMENT

In reviewing the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6), a court must

accept the facts alleged in the complaint as true and draw any reasonable inferences from those

facts in a light favorable to the plaintiff.  Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997).

Alternatively, summary judgment should be granted if "there is no genuine issue as to any

material fact and  . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ.

P. 56(c).  Applying these standards, this Court should dismiss the complaint or grant summary

judgment with respect to the plaintiff's negligence claim (Count VIII).


A.     Plaintiff Failed to Provide Statutory Notice of His Claims Pursuant to D.C. Code §
       12-309.

D.C. Code § 12-309 bars plaintiff's common law claims against the District of Columbia.

"An action may not be maintained against the District" unless a claimant provides the Mayor

written notice of the "time, place, cause, and circumstances of the injury" within six months after

the injury was sustained.  D.C. Code § 12-309.  As the District of Columbia Court of Appeals

has repeatedly declared, "compliance with the statutory notice requirement is mandatory," and

"notice under § 12-309 is a 'condition precedent' to filing a suit against the District."  Gwinn v.

District of Columbia, 434 A.2d 1376, 1378 (D.C. 1981).   The requirements of Section 12-309 are

also "to be construed narrowly against claimants." Doe by Fein v. District of Columbia, 697 A.2d

23, 29 (D.C. 1997).

Here, plaintiff provided no written notice of his claim to the Mayor but instead relies on a

Metropolitan Police Department Office of Internal Affairs complaint summary sheet.  (Exh. A).

Although D.C. Code § 12-309 provides that "a report in writing by the Metropolitan Police

Department, in regular course of duty, is a sufficient notice," the police report still "must contain

the same information that is required in any other notice given under the statute." Doe, 697 A.2d

at 27.  Consistent with these requirements, "a police report must do more than merely report the

happening of an event or accident; it must also report . . . any then apparent injury . . . which

later forms the basis of a claim."  Miller v. Spencer, 330 A.2d 250, 252 (D.C. 1974).  In

addition, "a police report must disclose both the factual cause of the injury and a reasonable

basis for anticipating legal action as a consequence.  Such notice would suffice, therefore, if it . .

. described the injuring event with sufficient detail to reveal, in itself, a basis for the District's

potential liability." Doe, 697 A.2d at 29, quoting Allen v. District of Columbia, 533 A.2d 1259,

1262 (D.C. 1987).

The complaint summary sheet is not sufficient notice of plaintiff's negligence claim

against the District of Columbia.  Plaintiff's negligence claim is based on the District of

Columbia allegedly permitting Officer Davis "to participate in an investigation of the carjacking

of [his] mother despite the fact that District officials knew or should have known that such

participation would create an unreasonable risk of false arrests and physical assaults by Officer

Davis."  (Compl. ¶ 30).  The complaint summary sheet, though, does not provide any details that

would suggest such a basis for liability.  The sheet does not indicate that Officer Davis was

investigating a carjacking of his mother or that any particular reason might have existed

disqualifying Officer Davis from this investigation.  (Exh. A).  It would appear from the complaint summary sheet that Officer Davis was in the position of any other Metropolitan Police Officer fulfilling his standard duty to investigate criminal conduct.

Thus, even assuming that the complaint summary sheet provided sufficient notice of the District's potential liability for assault and battery and false arrest, plaintiff's claim of negligence rests on a separate and distinct basis.  The District's liability for false arrest and assault and battery would arise from the actions of the defendant officers in allegedly kicking and stomping the plaintiff, as reported in the complaint summary sheet.  Plaintiff's claim against the District of Columbia for negligence, however, does not arise from these actions, but rather the actions of unnamed District officials who, plaintiff now claims, negligently permitted Officer Davis to investigate a crime where his mother was the victim.  (Compl. ¶ 30).  These are two distinct bases for District liability.  Because the complaint summary sheet does not provide detail that would suggest a basis for liability under such a negligence theory, plaintiff's negligence claim is barred by D.C. Code § 12-309.

The conclusion that plaintiff's negligence claim is barred also follows from the D.C. Court of Appeals' recent decision in Hubbard v. Chidel, 840 A.2d 689, 696-97 (D.C. 2004).  In Hubbard, plaintiff brought a medical malpractice suit against several defendants, including the District of Columbia, which operated the Southwest Clinic, and Dr. King, an employee of the clinic.  Another co-defendant gave notice to the District of its claim for contribution based on the negligence of Dr. King and of the District as his employer.  Following trial, however, the co-defendant sought contribution from the District, based not on the negligence of its employee, Dr. King, but on its negligent operation of the Southwest Clinic.  Noting that "we require 'specificity with respect to the cause and circumstances of the injury'" under Section 12-309, the Court of

Appeals held that the co-defendant was barred from recovering on that particular negligence theory. Id. at 696, quoting Doe, 697 A.2d at 27. "Given that the notice wholly failed to mention the negligence of the Southwest Clinic, the District could not have 'reasonably anticipated' that it would be sued for the negligence of the Southwest Clinic." Id. at 697.

Because the District could not have reasonably anticipated, based on the notice in this case, that it would be held liable on a negligence theory for the alleged actions of unnamed officials in permitting Officer Davis to participate in the underlying investigation, plaintiff's claim of negligence is similarly barred under D.C. Code § 12-309.

III.    CONCLUSION

For the foregoing reasons, this Court should dismiss the complaint or grant summary judgment as to plaintiff's negligence claim (Count VIII).

                                    Respectfully submitted,

                                    ROBERT J. SPAGNOLETTI
                                    Attorney General for the District of Columbia

                                    GEORGE C. VALENTINE
                                    Deputy Attorney General, Civil Litigation Division


                                    /s/ Holly M. Johnson /s/
                                    HOLLY M. JOHNSON [476331]
                                    Chief, General Litigation Section III

/s/ Carl J. Schifferle /s/

CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRON SHAW, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 05-1284 (CKK) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| 441 4th Street, N.W. | ) |
| Washington, DC 20001 | ) |
| | ) |
|     and | ) |
| | ) |
| KEVIN DAVIS, *et al.*, | ) |
| | ) |
|       Defendants. | ) |
| _____ | ) |

**DEFENDANT DISTRICT OF COLUMBIA'S STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE IS NO GENUINE ISSUE**

1.     Plaintiff did not provide written notice to the Mayor of the time, place, cause, and circumstances of the injury alleged in this case.

2.     The Metropolitan Police Department Office of Internal Affairs complaint summary sheet does not mention any facts that might give notice of plaintiff's claim that the District was negligent in allegedly authorizing defendant Davis to participate in the investigation.  (Exh. A).

3.     The complaint summary sheet does not indicate that Officer Davis was investigating a carjacking of his mother or that any particular reason might have existed disqualifying Officer Davis from this investigation.  (Exh. A).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov