UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRON SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. #1:05CV01284 (CKK) |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM IN OPPOSITION TO
DEFENDANT DISTRICT OF COLUMBIA'S
REVISED MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Plaintiff Darron Shaw, by counsel, submits the following in opposition to Defendant District of Columbia's motion to dismiss, or, in the alternative, for summary judgment.

There is no dispute as to the material facts, to the extent these have been established without discovery. Each party relies on the same document, Exhibit A to defendant's motion for summary judgment (a police report filed relative to the incidents at issue in this case). The relevant legal question is whether or not this document is sufficient as notice, via police report, of Mr. Shaw's negligence claim under D.C. Code § 12-309. Should this court have concerns on that question, Mr. Shaw will need to conduct discovery to determine (a) the function of Exhibit A as a practical matter and (b) the existence of any other reports which may have been generated by the police within six months of the incident, given the criminal investigation of some of the defendants generated by plaintiff's complaint of police abuse, which investigation remains pending information and belief. In an abundance of caution, counsel files herewith an affidavit pursuant to *Fed. R. Civ. Pro.* 56(f) relative to discovery that may yet shed light on this matter.

Response to Defendant District of Columbia's Statement of Material Facts as to Which There is no Genuine Issue

Mr. Shaw did not provide his own written notice to the mayor of the approximate time, place, cause, and circumstances of the injury in this case. He did, however, provide that notice within a duly-taken police report as provided by D.C. Code. § 12-309. That notice appears in exhibit A to defendant's motion.

Discussion

The Guiding Legal Standard Requires the Content of a Notice be Read Liberally to Favor the Claimant

Mr. Shaw agrees with the District that *Doe by Fein v. District of Columbia*, 697 A.2d 23 (D.C. 1997) sets forth the standard to be applied in this case. However, the District seriously misreads *Doe by Fein.*

The District asserts that *Doe by Fein* held that "[t]he requirements of Section 12-309 are also 'to be construed narrowly against claimants.'" (Memorandum at 3) This is exactly wrong. *Doe by Fein* held that the requirements as to *timing* and *receipt* were to be construed narrowly against claimants. Thus, the time limitations expressed in the statute were not subject to equitable tolling. *Doe by Fein*, 697 A.2d at 29. That is not an issue in this case. It is undisputed that the police report was made within six months of the incident (indeed, it was made within four days of the incident), and it is undisputed that it was actually taken by a police officer. The formal requirements of the statute are thus satisfied.

The issue in this case is whether the *content* of the notice is sufficient – whether the notice that was given provided enough information to satisfy the requirements of the statute. The court in *Doe by Fein* set forth a different standard for that. "The content requirements of any notice under section 12-309 are to be interpreted *liberally*, and in close cases *doubts are to be resolved in favor of compliance*." *Id.* at 27 (emphasis added).

This is a well-established standard. In *Wharton v. District of Columbia*, 666 A.2d 1227 (D.C.1995), the court reversed a lower court's dismissal of plaintiff's claim for minor errors in the content of the notice, noting that

> [O]n the question of whether or not a notice in fact given is sufficiently definite as to the time, place, nature, etc. of the injury, the rule of liberal construction is generally adopted by the courts. Accordingly ... § 12-309's requirements with respect to the *content* of the notice, including the approximate time of the injury, are to be interpreted liberally, and in close cases we resolve doubts in favor of finding compliance with the statute.

*Id.* at 1230 (emphasis in original, internal quotations and citations omitted). The court also noted that

> Notice under the statute "need only furnish a reasonable guide for inspection and provide an early warning to District of Columbia officials regarding litigation likely to occur in the future. A notice is sufficient if the District, in the exercise of due diligence, should have been able to locate the offending defect.

*Id.* at 1230-1231 (internal quotations and citations omitted). This court thus must apply a liberal standard, in Mr. Shaw's favor, in determining whether or not the content of his notice is sufficient.

Mr. Shaw has Provided Sufficient Notice to Satisfy the Statute

The District claims that Mr. Shaw must provide notice to the district of the precise legal theory upon which he seeks relief. Thus, it claims that even though Mr. Shaw's police report put the District on notice that its employees had committed copious violent torts against him, the "distinct bas[is] for District liability" in negligently permitting this to occur was not covered by that notice. (Memorandum at 4) This is incorrect as a matter of law, as a matter of fact, and as a matter of common sense.

First, the statute requires no such specificity. The statute requires notice of "the approximate time, place, cause, and circumstances of the injury or damage." *DC Code* § 12-309. The statute does not require that the plaintiff explain his potential causes of action. It simply requires a statement of the facts. *Allen v. District of Columbia*, 533 A.2d 1259, (D.C.1987) ("the written notice or police report must 'recite facts from which it could be reasonably anticipated that a claim against the District might arise'" quoting *Pitts v. District of Columbia*, 391 A.2d 803, 808-809 (D.C. 1978)). "A reasonable interpretation of the injury described" by plaintiff's detailing of his arrest and subsequent acquittal "must have led the District to conclude that the forthcoming complaint would include a claim for malicious prosecution." *Id.* at 1263-64.

The same reasoning applies here. In the case at bar, defendant Davis, an un-uniformed police officer wearing a sweatshirt and jeans, jumped out of a car and attacked the plaintiff, who was peaceably minding his own business, with a drawn weapon, obscenities, threats, and unexplained accusations about "fucking with old people." All the while, other officers, in uniform, stood around watching. It is self-evident to anyone who reads that story – fully set forth as part of the notice at issue – that someone was negligent in permitting this scenario to unfold.

Notice that this egregious event occurred necessarily put the District of Columbia on notice that someone has been negligent in the supervision of Davis, as well as in the training and supervision of the other officers who stood by and watched Davis as he beat the plaintiff without cause.

This case is on all fours with *Reiser v. District of Columbia*, 563 F.2d 462 (D.C. Cir. 1977), ruling that police reports concerning the murder of a victim by a parolee satisfied the statutory requirement to put the District on notice of negligence. The court in Reiser held that "the police reports provided the District notice of the principal facts sufficient to lead it to those related facts which were peculiarly within its possession." This satisfied the statute because the time and place of the event were clear, the identities of all parties were clear, and the fact that the killer was a parolee was clear. *Id.* at 476-477. Here, like in *Reiser*, notice of the whole cast of characters, their relationship to the District (a relationship which, like a parolee relationship, gives rise to a duty of care), and their behavior necessarily gives rise to notice of the potential liability for the District's failure appropriately to train and supervise those in its control. To tell the District that one of its police officers has run amok on the streets, in an official vehicle and surrounded by non-responsive uniformed fellow-officers, is to tell the District that it has been negligent. Mr. Shaw did not need to tack on the clause "and someone has been negligent" to the end of his complaint.

Just as in *Allen*, the police were given "enough information 'to conduct a prompt, properly focused investigation of the claim.'" *Allen*, 533 A.2d at 1264 (quoting *Washington v. District of Columbia*, 429 A.2d 1362 (D.C. 1981)). The District knew that one of its officers committed an act of official misconduct, it knew who did it, it knew where and when, and it had the names of several officer witnesses to the event. It could easily have inquired and found out who was supervising Davis, who was in charge of the investigation, what Davis was investigating, and why the events complained of were permitted to occur. All it had to do was ask Davis, or one of the several other witnesses. Just as in *Allen*, "[b]y providing the District with the details necessary for it to go directly to the governmental departments involved in the injuring event and receive additional information about the basis for the claim, [his] notice satisfied the 'circumstances' requirement[.]" *Id.* Just this has occurred here, and as a result a criminal investigation – of the police, not Mr. Shaw – has been pending for some time.

The District relies on *Hubbard v. Chidel*, 840 A.2d 689 (D.C. 2004) for the proposition that a notice under § 12-309 must specifically set out the theory of liability upon which it relies. *Hubbard* holds no such thing. *Hubbard* noted that "the content requirements of a notice under § 12-309 are to be interpreted liberally." *Id.* at 696. It went on to hold that the plaintiff can not *fail to disclose the independent involvement of a party* in its notice, and then bring suit based on that party's actions. In *Hubbard,* a medical malpractice suit, a defendant sought contribution from the District based on the separate, and wholly independent, negligent acts of two separate co-defendants, each of whom was ultimately responsible to the District. It is self-evident that the co-defendant was not permitted to use his notice to the District, about its derivative liability, as

notice to the District about its derivative liability of the other defendant, of whom the District was ignorant.

By contrast, in the instant case, every actor of significance was named in Mr. Shaw's original notice. He named officer Davis and every other person whom he knew to have been involved. He did not have to note that Davis's supervisor (whoever that is) was negligent[1], because the District could infer that negligence from the fact that Davis had run amok under color of his authority and position as a police officer. From those facts "it could be reasonably anticipated that a claim against the District might arise." *Allen*, 533 A.2d at 1262.

A case more directly on point is *Pitts v. District of Columbia*, 391 A.2d 803 (1978). In *Pitts*, the court held that a police report which disclosed that a child had slipped through a guard rail on property owned by the District, provided the identities of the people directly involved in the incident, and set forth the story of how the child got there was sufficient to put the District on notice of a negligence claim. The report did not specifically say that the plaintiff believed there was a negligence claim, and the report did not name the person who was believed to be negligent, or who had a duty to maintain the premises (or, if it did, the court considered those facts so unimportant that it did not mention them). It simply recited the facts of the situation. The District was required to read the report and understand that its ownership of the land gave rise to

---

[1]Nor is Mr. Shaw required to give notice of facts that he is not reasonably expected to have, like the identity of the "unnamed District officials" (memorandum at 4) who were immediately responsible for the supervision of Davis and his cohorts. *See Rieser*, *supra* 563 F.2d at 467 (noting that notice was sufficient where it could lead District to "those related facts which were peculiarly within its possession"). The names and responsibilities of its supervisory personnel are particularly within the District's possession. In *Rieser,* the plaintiff was not required to give notice to the District of the name of the probation officer who was supposed to supervise the parolee.

potential liability. The plaintiff was not required to feed that to the District with a spoon. Just so here.

Conclusion

Mr. Shaw, via a police report, informed the District of Columbia that one of its officers was permitted to make use of a police vehicle, while in civilian clothes, to go amok to his personal injury. He also notified the District that several other officers stood idly by, neither participating in the violence (as would be expected were they trying to subdue violent suspects) nor stopping it (as would be expected if Davis's actions were unwarranted).

Because the District had enough information to conduct an appropriate investigation, Mr. Shaw's notice was sufficient. As a result, the District's motion should be denied. If the court is uncertain that the report which was filed constitutes sufficient notice, the District's motion should be held in abeyance pursuant to Fed.R.Civ.P. 56(f), pending discovery to determine the relevant facts.

Respectfully submitted,

DARRON SHAW,

By counsel

Dated: October 11, 2005

Counsel for plaintiff:

Victor M. Glasberg, #927798
Paul Gowder
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
(703) 684-1100 / Fax: 703-684-1104
vmg@robinhoodesq.com

Shaw\Pleadings\OpDcsRevMDissSj

FOR THE DISTRICT OF COLUMBIA

DARRON SHAW, )
)
Plaintiff, )
v. )
) C.A. #1:05CV01284 (CKK)
THE DISTRICT OF COLUMBIA, *et al.*, )
)
Defendants. )

CERTIFICATE OF SERVICE

I, Victor M. Glasberg, hereby certify that a true and accurate copy of plaintiff's Memorandum in Opposition to Defendant District of Columbia's Revised Motion to Dismiss or for Summary Judgment was mailed, first class, postage prepaid (or as stated below) on this 11th day of October 2005, to:

By mail and electronically:

Carl J. Schifferle, Assistant Attorney General
Attorney General's Office
441 Fourth Street, N.W., #600S
Washington, D.C. 20001

All others by mail:

Kevin Davis
Metropolitan Police Department
Third District Substation
750 Park Road, N.W.
Washington, D.C. 20009

Jonathan Geer
Metropolitan Police Department
Sixth District Substation
2701 Pennsylvania Avenue, S.E.
Washington, D.C. 20019

Keith Green
Metropolitan Police Department
Sixth District
100 42nd Street, N.E.
Washington, D.C. 20019

Minh Nguyen
Metropolitan Police Department
Sixth District
100 42nd Street, N.E.
Washington, D.C. 20019

Robert Underwood
Metropolitan Police Department
Sixth District
100 42nd Street, N.E.
Washington, D.C. 20019

Victor M. Glasberg, #16184
Paul Gowder, #70098
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
(703) 684-1100 / Fax: 703-684-1104
vmg@robinhoodesq.com

Counsel for plaintiff