UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRON SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. #1:05CV01284 (CKK) |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DEEM
ALL INDIVIDUAL DEFENDANTS SERVED, AND IN THE
ALTERNATIVE FOR AN ORDER THAT DEFENDANT
DISTRICT OF COLUMBIA REQUIRE ITS POLICE OFFICER
DEFENDANTS TO ACCEPT SERVICE AND FOR AN EXTENSION OF
TIME TO EFFECTUATE SERVICE, AND FOR AN ORDER REQUIRING
SAID POLICE OFFICERS TO BEAR THE COSTS OF SERVICE

Plaintiff Darron Shaw has moved for an order deeming all individual defendants in this

lawsuit served. In the alternative, Mr. Shaw seeks an order compelling defendant District of

Columbia to require its employee defendants, four police officers, to accept service of the

summons and complaint herein and to pay for the efforts to serve them, and granting him an

enlargement of the time in which service may be effectuated upon the recalcitrant defendants. In

support of this motion, plaintiff respectfully represents as follows:

Background

On June 27, 2005, plaintiff Darron Shaw filed the instant lawsuit against the District of

Columbia and defendants Kevin Davis, Keith Green, Jonathan Geer, Robert Underwood, and

Minh Ngyuen, each of whom is a District of Columbia police officer. Mr. Shaw seeks damages

arising out of his beating by defendant Davis – a beating that was entirely unprovoked and wrongful, and has since led to a pending criminal investigation of some or all of the individual defendants.[1]

When he filed his complaint, Mr. Shaw obtained summonses for all defendants and duly served all defendants by certified mail, return receipt requested. The District of Columbia appeared, via its Office of the Attorney General.

Mr. Shaw had no information as to the individual stations to which the defendant police officers were assigned. Mindful of the understandable safety concerns of police officers, counsel made no attempt to obtain their home addresses for purposes of service. He thus attempted to serve the individual defendants by certified mail addressed to police headquarters. *See*, Exhibit A (initial summonses). He anticipated the appropriate forwarding of the summonses by District police authorities to the defendants, so that the lawsuit might proceed without undue difficulty.

Counsel received nothing in response to his initial service attempt, with the exception that another District officer, one P. Nyugen (and not a defendant) called counsel to advise that the service packet intended for M. Nyugen had been mistakenly forwarded to him. P. Nguyen returned the packet and it was re-sent M. Nguyen in care of police headquarters.

Notwithstanding that (as evidenced by the cooperative actions taken by P. Nguyen) headquarters was indeed undertaking to forward the service packets as requested, no response from the individual defendants was forthcoming.

---

[1] *See*, the pending motion of the District of Columbia for a stay pending resolution of the criminal investigation. Mr. Shaw, who was peaceably minding his own business when attacked, was never charged with wrongdoing.

Once opposing counsel appeared, the undersigned, desirous of moving the case forward, solicited assistance in facilitating service on the individual officers. By letter dated September 12, 2005, the Attorney General's office provided counsel with the station addresses of the various defendants, and suggested how counsel how best effect personal service on them (*See,* Exhibit B.)

Plaintiff Darron Shaw is a man of limited means. Rather than going to the expense of spending several hundred dollars on a process server to serve five local police officers, counsel on September 15 resent, via certified mail, a complaint and the necessary forms for acceptance of service by mail. Counsel added to this packet a letter explaining the situation and seeking the defendants' cooperation. (*See,* Exhibit C.) This packet did not include a second summons, and was potentially valid as service only if the recipients acknowledged receipt of the complaint and thereby waiver formal service under *Fed.R.Civ.P.* 4(d).

Defendants Green, Geer and Davis received the request for waiver of service, signing return receipts for their packets. (*See,* Exhibit D.) Defendants Underwood and Nguyen refused to claim their mail, and the packets were returned. (*See,* Exhibit E.)

No officer having waived service, and with the 120-day limit on service time approaching, counsel obtained appropriate alias summonses naming each individual defendant at his station (as reported by the Attorney General) and retained a process server to effect personal service in the manner specified in the Attorney General's letter, which letter was provided to the process server as well, in aid of efficient service as specified. *See* Exhibit F.

The process server – employed by a firm that has done the undersigned's process serving for years, without difficulty – made repeated attempts at serving the defendants. As of this writing, the process server has succeeded in serving only one – defendant Jonathan Geer – and that, only after considerable difficulty and at a cost of $212.50. All told, chasing down, or attempting to chase down, the five individual defendants has cost plaintiff to date $1,067.50.[2] *See* Exhibit G. This is money he does not have and should not have had to spend simply to effect service of a complaint on law enforcement officers employed by District of Columbia.

The process server's affidavits detailing the attempts made to serve the individual defendants are remitted herewith as Exhibit H. They are self-explanatory, and counsel respectfully refers the court to them rather than undertaking to summarize or characterize them. All told, they recount a persistent, and successful, effort by defendant District of Columbia police officers to avoid service.

On October 12, 2005, on learning from the process server of her lack of success, the undersigned requested of opposing counsel that the District of Columbia see to it that the officers in question be ordered to make themselves available for service of process. (*See,* Exhibit I.)[3] On October 14, the undersigned advised that he would seek relief from the court were service not to be guaranteed forthwith. (*See,* Exhibit J.)[4] Later the same day, counsel learned for the first time

---

[2] A normal charge for service of process is about $85. *See* Exhibit G.

[3] Counsel noted: "Be assured that I do not fault you or your office here. I know what the deal is, and it ain't you."

[4] The undersigned, who is preparing for a trial beginning October 25 in federal court in Alexandria, cannot await the 119th day of the 120-day service limit of Rule 4(m) to file this motion, since he will then be in trial.

of the financial cost associated with his service attempts (estimated at the time by the process

server as "over $1,100.") Staggered by the expenses incurred, and faced with no guarantee that it

would not cost another $1,000 to serve the defendants, the undersigned directed the process

server to stop work on the matter. Counsel so advised the Attorney General's office that day.

(*See*, Exhibit K).

As of this writing, counsel has no assurance from the District (or any unserved defendant)

that service will be effected without more expense. This motion follows.


I.  The Court Should Deem All Individual Defendants Served

Mr. Shaw submits that in the first instance, this court can and should deem that all the

individual defendants have been served.[5] *See, Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d

939 (10th Cir. 1987) (defendant's motion to vacate default on grounds of improper mail service

denied when record showed that defendant refused to accept mail); *Benage v. Gibraltar Building

and Loan Ass'n, Inc.*, 115 F.R.D. 20 (D. Conn. 1987) (similar). *See also, Patel v. Southern

Brokers, Ltd.*, 289 S.E.2d 642 (S.C. 1982); *Merriott v. Whitsell*, 476 S.W.2d 230 (Ark. 1972);

*Thomas Organ Co. v. Universal Music Company, et al.*, 261 So.2d 323 (La. App. 1972); *Cortez

Dev. v. New York Capital Group, Inc.* 401 So.2d 1163 (Fla. App. 1981)(all decided under state

law).

The circumstances here more poignantly favor the plaintiff than was the case in *Nikwei* or

*Benage* or any of the named state law cases. The defendants here are law enforcement officers

pledged to serve the law, not to avoid it. It is unfortunate enough that they, or some of them, are

---

[5]Officer Geer need not be "deemed" served, as he was, finally, served in person.

now under criminal investigation for the beating of Mr. Shaw. They should not be permitted to erect and take advantage of inappropriate obstacles to the commencement of ordinary legal proceedings intended to permit the airing of an aggrieved citizen's claim. The court should deem them served with the complaint.

II. Alternatively, The District Should Order The
     Recalcitrant Officers to Accept Service

Should the court not choose to deem the individual defendants served, the court should order the District to require them forthwith to accept service of the complaint at their own cost.

The persons assiduously and successfully avoiding service are police officers employed by the District of Columbia. These officers are subject to orders regarding their actions in connection with their official duties. It is entirely proper for the District, via its chain of command in the police department, to order these *law enforcement officers* not to disrupt the ordinary and usual course of events of litigation in this court, by ordering them to accept service of the complaint here at issue forthwith and at no further cost to the plaintiff.[6]

III. Plaintiff Should Have Additional Time to Serve the Uncooperative Defendants

Should the court not deem the individual defendants served, the court should also grant Mr. Shaw an extension of time to effect service.

_____

[6]An alternative would be an order requiring the District to provide the home addresses of these officers, for personal service to be effected there (at the officers' expense, given the refusal to accept substitute mail service). This is not a good alternative, and should be avoided unless all else fails.

An extension of time under Rule 4(m) is granted when plaintiff has shown diligent efforts to achieve service, and where defendant is not prejudiced. *Commer v. McEntee*, 283 F.Supp.2d 993, 997 (S.D.N.Y. 2003) (stating rule, extending time); *Spencer v. Steinman*, 968 F. Supp. 1011, 1015 (E.D. Pa., 1997) (same). Indeed, even when plaintiffs fail to show good cause for the initial delay, courts routinely extend the time under Rule 4(m) where the defendant is not prejudiced. *Gipson v. Wells Fargo Corp.,* 382 F. Supp. 2d 116 (D.D.C. 2005) even in the absence of ordinary good cause, and did the same in *Wilson v. Prudential Fin.*, 332 F. Supp.2d 83, 89 (D.D.C. 2004), because "the court has no indication that granting the plaintiff extra time to perfect service works great prejudice on [defendant]." *See also M.K. v. Tenet*, 99 F.Supp.2d 12 (D.D.C. 2000) (granting plaintiff extra time to serve unknown CIA defendants despite plaintiff's failure to do anything by way of service for eight months). Also, *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129 (11th Cir. 2005) (citing cases).

Here, Mr. Shaw has made multiple efforts by mail and process servers to effectuate service, and enlisted the assistance of counsel for the District of Columbia, all in vain (except for defendant Geer, finally served at three times the ordinary cost. At least two of the four yet-malingering defendants verifiably have notice of the suit, attested to by their confirmed receipt of the request for wavier of service). (Exhibit D). The other two, employees and colleagues of their co-defendants in this action, manifestly know of the suit. The delays in question are attributable to them alone. None will be prejudiced by permitting service to occur beyond the 120-day period.[7]

---

[7]Indeed, the District has moved for a stay of the instant litigation by reason of the ongoing criminal investigation of at least some of the individual defendants. The stay motion will not be heard until after plaintiff's opposition brief is filed, which time has been extended to November

Evasion of service by the defendant has been uniformly held to be good cause for an extension of time under Rule 4. *See e.g. Ruiz Varela v. Sanchez Velez*, 814 F.2d 821 (1st Cir. 1987); *Hibernia Nat. Bank v. Carner*, 758 F. Supp. 382 (M.D. La. 1991). , or in the alternative ordering defendant District of Columbia to require their employees – law enforcement officers – forthwith to make themselves available for service at no further cost to the plaintiff.[8]

IV.  The Individual Defendants Should Pay The Unnecessary
     Costs of Service, and of The Instant Motion

Mr. Shaw respectfully submits that regardless of which route to service the court orders, the individual defendants should be required to pay the costs arising from their ongoing and unjustifiable effort to avoid service.

Under *Fed R. Civ. P.* 4(d)(5), a defendant who fails to respond in timely fashion to a request for a wavier of service of summons is liable for all service costs incurred, together with the costs of bringing a motion to recover those costs and attorney's fees.  The time for acceptance of service has expired as of the date of this filing, and no individual defendant has returned the wavier of service.   Defendant Geer was finally served personally, but at an altogether unnecessary cost of $232.50 rather than approximately 1% of that amount for a certified letter.

Counsel respectfully apprises the court that the time spent in researching the law referenced above was 3 hours, and that drafting and revising the instant motion, including

---

10, 2005 by court order.  Right now, at least, this case is not rushing forward.

[8]Mr. Shaw can ill afford the large sum of money spent to date on further service attempts on four defendants  – approximately four times what such service would ordinarily cost.

identifying and organizing the requisite exhibits, took another 4 hours.[9]  Five hours of this time

was spent by Paul Gowder, a 2000 graduate of Harvard Law School, and two hours were spent

by the undersigned, who has been practicing civil rights law in Alexandria Virginia since 1976.[10]


Conclusion

For these reasons, the court should deem all defendants served with the complaint, and

direct the individual defendants to pay the costs of service set forth here.  Alternatively, the court

should order the District of Columbia to require the individual defendants other than defendant

Geer, who has been served in person, to accept service forthwith and at no cost to the plaintiff,

and also to reimburse him for the stated costs of service.

<blockquote>
Respectfully submitted,

DARRON SHAW

By counsel
</blockquote>

Dated:   October 18, 2005

---

[9]This figures include a reduction in actual hours spent as a matter of billing judgment.

[10]Time constraints imposed by the press of trial preparation in another case preclude the submission of further information on fees at this time.  Counsel respectfully requests leave to supplement this portion of the instant motion with such additional fee-related information as may be appropriate.

-9-

Counsel for plaintiff:

Victor M. Glasberg, #927798
Paul Gowder
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
(703) 684-1100 / Fax: 703-684-1104
vmg@robinhoodesq.com
Shaw\Pleadings\MemService

-10-

<u>Certificate of Service</u>

      I, Victor M. Glasberg, hereby certify that a true and accurate copy of the foregoing Memorandum in Support of Plaintiff's Motion to Deem All Individual Defendants Served, and in the Alternative for an Order that Defendant District of Columbia Require its Police Officer Defendants to Accept Service and for An Extension of Time to Effectuate Service, and for an Order Requiring Said Police Officers to Bear the Costs of Service was served as indicated below, on this 18th day of October 2005, to:

<u>By mail and electronically:</u>

Carl J. Schifferle, Assistant Attorney
General
Attorney General's Office
441 Fourth Street, N.W., #600S
Washington, D.C. 20001

<u>By mail:</u>

Kevin Davis
Metropolitan Police Department
Third District Substation
750 Park Road, N.W.
Washington, D.C. 20009

Jonathan Geer
Metropolitan Police Department
Sixth District Substation
2701 Pennsylvania Avenue, S.E.
Washington, D.C. 20019

Keith Green
Metropolitan Police Department
Sixth District
100 42nd Street, N.E.
Washington, D.C. 20019

Minh Nguyen
Metropolitan Police Department
Sixth District
100 42nd Street, N.E.
Washington, D.C. 20019

Robert Underwood
Metropolitan Police Department
Sixth District
100 42nd Street, N.E.
Washington, D.C. 20019

_____
Victor M. Glasberg