UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRON SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1284 (CKK) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

DEFENDANT DISTRICT OF COLUMBIA'S RESPONSE TO PLAINTIFF'S MOTION TO
DEEM ALL INDIVIDUAL DEFENDANTS SERVED, ETC.

I.      INTRODUCTION

The District of Columbia[1] hereby responds to plaintiff's motion to deem all individual

defendants served (and for other relief related to service), by stating first that the motion should

be denied because of counsel's failure to confer under Rule 7(m).  In addition, with regard to all

but one of the individual defendants not yet served, the Office of Attorney General (OAG)

attorney representing them has obtained authorization to accept service on their behalf, which

obviates the need for most of the relief sought in the motion.  With regard to the remaining

individual defendant, Officer Davis, the plaintiff is not entitled to any relief because plaintiff has

not only failed to show evasion of service but also reasonable attempts to effect service.  Finally,

plaintiff is not allowed any costs related to service, because those costs were not incurred

_____

[1] The instant motion is filed on behalf of the District of Columbia only.  As explained in the
District's pending motion to stay proceedings, a potential conflict of interest advises against the
undersigned OAG attorney from representing both the District of Columbia and any of the
individual defendant officers.

subsequent to the expiration of time for the individual defendants to return plaintiff's requested waiver of service.

Plaintiff brings this action alleging that on February 15, 2004, several Metropolitan Police Officers unlawfully detained and assaulted him in the District of Columbia. The lawsuit names as defendants the District of Columbia and Officers Kevin Davis, Keith Green, Jonathan Geer, Robert Underwood, and M. Ngyuen. The District answered the complaint and filed a motion to stay these proceedings, which is pending. Service on the individual officers, however, was not as quickly obtained. As addressed below, the District first explains the Department's procedures designed to facilitate service of process on officers, followed by a discussion of the plaintiff's attempts to serve the defendant officers in this case.

A.     The Metropolitan Police Department's Procedures for Service of Process

The Metropolitan Police Department encourages its members to accept proper personal service of summonses on themselves in civil cases related to the performance of duty. (See Exh. A, MPD General Order 701.4, Part I.A.3). Because D.C. Code § 5-111.06 (2001) prohibits the disclosure of the home addresses of Metropolitan Police Officers, officers are expected to be available at their place of duty for legitimate purposes related to their duty, including the service of civil process. (Id.) While the Department encourages its officers to accept such service, the Department is not authorized to order an officer to meet with a process server or accept a summons in a civil case. (Id.)

The Metropolitan Police Department prescribes a specific procedure to facilitate personal service of process on its officers. Process servers seeking to serve a police officer shall be directed to desk sergeant or designated administrative official at the district station. (See Exh. A,

Part I.A.4). The desk sergeant shall determine if the officer is available to be notified, which is generally when officers check on or off duty. (Id.) If the officer is available, the desk sergeant shall notify the member, and the member shall inform the desk sergeant whether he or she will meet the process server. (Id.) The desk sergeant shall then relay the officer's response to the process server. (Id.)

If the officer is not available, the Department requires that the desk sergeant assist the process server in making further attempts at service. In particular, the desk sergeant should: (1) tell the process server the officer's duty hours, (2) tell the process server when the officer will be reporting at the unit, and (3) ask the process server if he or she will be attempting service at that time or at a future date and time. (Id.) If the process server states he or she will return at a specified time, the officer shall be notified of the visit and of the time and date when service will again be attempted. (Id.)

B.      Plaintiff's Attempts to Serve the Individual Defendants

After this complaint was filed on June 27, 2005, plaintiff allegedly first attempted to serve the defendant officers by certified mail at police headquarters. Plaintiff does not indicate when he attempted such service, and he apparently has no return receipts from this service attempt. (Mot. 2).

Nearly two months later, around September 12, 2005, plaintiff's counsel contacted undersigned counsel, requesting assistance in serving the defendant officers. Undersigned counsel promptly complied by providing plaintiff's counsel with the district station addresses and phone numbers where each officer was currently assigned, as well as information on the

Metropolitan Police Department's procedures for facilitating service of process on individual officers. (Pl. Exh. B).

Plaintiff again attempted to serve the officers by certified mail, this time at the officer's assigned district stations, by requesting a waiver of service. Contrary to plaintiff's contentions, it is not evident that Officers Green, Geer, and Davis received such requests by signing return receipts. On two return receipts the signatures are utterly illegible, and the third receipt is signed by another individual, not the intended officer. (Pl. Exh. D). The other two certified mailings to Officers Underwood and Nguyen were returned "unclaimed," not "refused" as plaintiff's counsel suggests. (Pl. Exh. E).

Even though plaintiff offered the individual officers until October 15, 2005, to return signed waivers of service (Pl. Exh. C), plaintiff's counsel nevertheless used a process server to attempt personal service beginning on October 7, 2005. On October 12, plaintiff's counsel sent an email to undersigned counsel contending that the officers were obstructing service but providing no details to support his claim or any information about the process server's attempts. (Pl. Exh. I). At undersigned counsel's request, plaintiff's counsel provided some information from his process server two days later. (Pl. Exh. J).

Undersigned counsel informed plaintiff's counsel that the information provided would be forwarded to a supervisor for review and an appropriate response. (Pl. Exh. K). Plaintiff's counsel then requested such a response by the close of business on Wednesday, October 19, 2005. (Pl. Exh. K). While undersigned counsel was in the process of consulting with his supervisor and formulating a response, plaintiff's counsel, without any warning, filed the instant motion in the early afternoon of Tuesday, October 18.

While reporting that Officer Geer was in fact served, plaintiff's motion declines to explain the process server's attempts on the other officers but merely refers the court to the process server's affidavits, attached as an exhibit.  (Pl. Exh. H).  Upon review of the affidavits, which provide scant information, the District disagrees that the affidavits show any effort by the individual officers "to avoid service."  (Mot. at 4).

Since plaintiff filed the instant motion, Officer Geer has filed an answer to the complaint. Additionally, Assistant Attorney General (AAG) Michael Bruckheim, who has been assigned to represent the individual officers (other than Officer Davis), has been able to obtain authorizations to accept service on their behalf, and AAG Bruckheim has already notified the plaintiff's counsel of this fact.[2]  The District still requires some additional time to seek through assigned counsel authorization or some other alternative accommodation for service on Officer Davis.

II.     ARGUMENT

   A.     <u>This Motion Should Be Denied Because Plaintiff's Counsel Failed to Confer with Defendant's Counsel Prior to Filing the Motion</u>.

Under Local Civil Rule 7(m), counsel have a duty to confer in a good faith effort to resolve any non-dispositive issue prior to filing a motion.  "Before filing any non-dispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel . . . in a good-faith effort to determine whether there is any opposition to the relief sought and, if

---

[2] Officer Underwood will authorize AAG Bruckheim to accept service on his behalf, but AAG Bruckheim requires a request for representation form from the officer before undertaking the representation.  That request form should be received within the day after this filing.

there is opposition, to narrow the areas of disagreement." L.Cv.R. 7(m). The purpose of the

Rule is "for litigants to attempt to resolve, or at least narrow, the disputed issues to prevent

unnecessary waste of time and effort on any given motion," not "to simply determine whether

the motion is opposed." Alexander v. FBI, 186 F.R.D. 185, 187 (D.D.C. 1999).

Plaintiff's counsel did not meet the requirements of Local Rule 7(m). Although

plaintiff's counsel raised the service issue with undersigned counsel and requested a response by

the close of business on October 19, 2005 (Pl. Exh. K), plaintiff's counsel, without any warning,

filed the instant motion in the early afternoon of October 18. If plaintiff's counsel had conferred

with undersigned counsel prior to filing the motion, then the parties may have been able to reach

an accommodation, or at least substantially narrow the issues in dispute. Undersigned counsel

had been in the process of trying to address plaintiff's concerns when plaintiff unexpectedly filed

the motion, and as already explained, the District has obtained authorizations to accept service

that could have spared the Court and the parties the burden of a contested motion.

Because the plaintiff did not fulfill his duty to confer under Local Rule 7(m), this Court

should deny the plaintiff's motion without prejudice. See Canady v. Erbe Elektromedizin

GmbH, 271 F. Supp. 2d 64, 75 n.19 (D.D.C. 2002) (noting that "courts have ordered parties to

refile their motions for violating the meet and confer rule" and awarding attorneys' fees and

costs incurred in responding to a motion filed in violation of Rule 7(m)). By denying the motion,

the Court will provide the parties the opportunity to confer in good faith to resolve any

remaining service issues without additional and unnecessary expense of judicial intervention.

B.    This Court Should Not Deem Officer Davis Served, Especially Absent Any
       Evidence of Evasion of Service.

As indicated previously, Officer Geer has been served, and Officers Green, Underwood

and Nguyen have authorized their OAG attorney to accept service on their behalf, so any request

that these officers be "deemed served" is moot.  With regard to the remaining defendant, Officer

Davis, from whom the District is still attempting to obtain authorization to accept service

through assigned counsel, plaintiff has no proof of evasion of service that could justify deeming

this officer served.  Moreover, plaintiff's efforts at service not only fail to show evasion by

Officer Davis, but also fall short of even reasonable diligence in attempting service.

"Valid service of process is necessary in order to assert personal jurisdiction over a

defendant."  Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297 (7th Cir. 1991); accord

United States v. Hill, 694 F.2d 258, 261 (D.C. Cir. 1982); National Exchange Bank v Wiley, 195

U.S. 257, 270 (1904) (explaining that "a personal judgment without service of process upon the

defendants . . . [is] wanting in due process of law.").  Even where plaintiff has diligently

attempted service, "the requirements of Rule 4 are satisfied only when the plaintiff is successful

in serving the complaint and summons on the defendant."  Harris, 936 F.2d at 302.  It is well

recognized, for example, that a "defendant's actual notice of the litigation . . . is insufficient to

satisfy Rule 4's requirements" for valid service of process.  Id. at 301, quoting Way v. Mueller

Brass Company, 840 F.2d 303, 306 (5th Cir. 1988); accord Whitehead v. CBS/Viacom, Inc., 221

F.R.D. 1, 3 (D.D.C. 2004).

To overcome the requirements for valid service of process, plaintiff erroneously suggests

that Officer Davis was evading service.  Plaintiff has a heavy burden in proving this accusation.

See Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987) (holding that "the party on whose behalf

service is made has the burden of establishing its validity when challenged"); <u>Harris</u>, 936 F.2d at

303 (requiring "clear and convincing evidence of evasion on the part of the defendant").  Proof

of evasion of service, moreover, cannot be inferred from "repeated, though faulty attempts at

service."  <u>Harris</u>, 936 F.2d at 303.  As shown below, plaintiff has not produced any evidence that

Officer Davis is intentionally evading service of process.

 Plaintiff's first claim – that Officer Davis refused service by mail – can be easily rejected.

Plaintiff relies on a number of cases standing for the same, inapposite proposition that refusal to

accept service by mail constitutes evasion.  <u>See</u>, <u>e.g.</u>, <u>Nikwei v. Ross School of Aviation, Inc.</u>,

822 F.2d 939 (10th Cir. 1987).  In this case, there is no evidence of any officer refusing service

by mail.  Plaintiff has no return receipts at all for his first attempted service mailed to each of the

officers at police headquarters.  (Mot. 2).  On his second attempted service – mailing a request

for waiver to the officers' assigned district stations – plaintiff has a return receipt for the mailing

addressed to Officer Davis, but the receipt does not appear signed by him.  (Pl. Exh. D).

 The affidavit from plaintiff's process server also fails to show an evasion of service by

Officer Davis.  In fact, the process server's affidavit does not indicate even a reasonably diligent

attempt to serve this officer.  Based on the affidavit, it is unknown whether the process server

requested Officer Davis' specific work schedule (hours of duty, days off) from the desk sergeant.

On the first two occasions the process server appeared at the station, Officer Davis was not

scheduled to work.  When the process server finally showed on a day that Officer Davis was

scheduled to work (October 14), the process server unreasonably failed to wait a short time until

the officer was scheduled to check off duty.  The affidavit further does not reflect that the

process server ever left any notification about when she might return.  (Pl. Exh. H).

Accordingly, the plaintiff's extraordinary request that this Court deem Officer Davis

served – without valid service in compliance with Rule 4 – should be denied.


C.      This Court Should Neither Order the District to Order Officer Davis to Accept
        Service nor Require the Release of a Home Address.


This Court should deny plaintiff's request that this Court order the District to order

Officer Davis to accept service.  Under the Civil Rules, the responsibility for service lies with the

plaintiff.  "The plaintiff is responsible for service of a summons and complaint" on each

defendant.  Fed. R. Civ. P. 4(c)(1).  The Metropolitan Police Department is not authorized by

law to effect service of process, and plaintiff offers no legal authority to support his request that

this Court issue such an order.  As discussed previously, the Department already has procedures

in place to facilitate service of process on individual officers.

Moreover, this Court should not, at least at this time, order the District to release Officer

Davis' home address to plaintiff's counsel.  The home address of a Metropolitan Police Officer

is protected from disclosure, pursuant to D.C. Code § 5-111.06 (2001), to protect the personal

safety of the officer and his or her family.  To overcome this statutory protection, the District

submits that plaintiff should at least be required to show prior, reasonable attempts at service.

As discussed in the previous section, plaintiff did not make such reasonable attempts because the

process server made only one attempt at personal service when the officer was scheduled to

work, and the process server failed to wait a short time until the officer checked off duty.  (Pl.

Exh. H).  Additionally, plaintiff filed the instant motion without conferring with undersigned

counsel to try to resolve the issue without the need to release such personal information.

Therefore, plaintiff's request that this Court order the District to order Officer Davis to accept service, or alternatively to release the officer's home address, should be denied.[3]

D.    Plaintiff Is Not Entitled to Any Costs Incurred in Effecting Service on the Individual Officers.

While plaintiff relies on Federal Rule of Civil Procedure 4(d) for an award of costs, the Rule specifically forbids the allowance of costs in these circumstances. Pursuant to this Rule, plaintiff mailed a request for waiver of service to the individual defendants on September 15, 2005. Under Rule 4(d)(2), if a defendant fails to comply with a request of waiver, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown" (emphasis added).

In his motion, the plaintiff does not seek costs "subsequently incurred" in effecting service, but rather costs incurred before the time expired for return of the waiver. Since the request for waiver of service was sent on September 15, 2005, the individual defendants had thirty days, or until October 15, 2005, to return a signed waiver. (Pl. Exh. C). Plaintiff nevertheless prematurely proceeded with efforts to personally serve the individual officers beginning on October 7, 2005, and the service costs for which plaintiff now seeks recovery were all incurred prior to October 15, 2005. (Pl. Exh. G, H).

---

[3] Even assuming that the Court finds that plaintiff has made reasonable attempts at service sufficient to justify the release of the officer's home address, the District would respectfully request a period of time to seek authority from the officer to accept service on his behalf and if such authority is not obtained, a specific protective order governing the release to be agreed upon by the parties and approved by the Court. See Allen v. City of Miami, 2003 U.S. Dist. LEXIS 21778 (S.D. Fla. 2003); Frejomil v. Goord, 2002 U.S. Dist. LEXIS 4106 (S.D.N.Y. 2000).

The Advisory Committee Notes to Rule 4 explain that costs are not recoverable where formal service is sought concurrently with a waiver of service. As the Notes state:

> Some plaintiffs may send a notice and request for waiver and, without waiting for return of the waiver, also proceed with efforts to effect formal service on the defendant. To discourage this practice, the cost-shifting provisions in paragraphs (2) and (5) are limited to the costs of effecting service <u>incurred after the time expires for the defendant to return the waiver</u>.

Advisory Committee Notes to Rule 4, 1993 Amendments (emphasis added); <u>accord</u> <u>Chapman v. New York State Div. for Youth</u>, 227 F.R.D. 175, 179 (N.D.N.Y. 2005); <u>Mariano v. Dillard National Bank</u>, C.A. No. 05-0348, 2005 U.S. Distr. LEXIS 15655 (W.D. La. July 27, 2005); <u>3COM Corp. v. Gilbert</u>, No. 01-C839, 2002 U.S. Dist. LEXIS 6626 (N.D. Ill. Apr. 15, 2002).

Because plaintiff failed to wait until the time expired for the individual defendants to return the waiver, the Rules forbid plaintiff from recovering any costs of service, including the filing of the instant motion.[4]

---

[4] Even absent this provision of the Rule, costs would not be appropriate because there is no proof that the individual officers received the requests for waiver of service. Contrary to plaintiff's allegations, the three return receipts apparently do not reflect signatures of the officers to whom the waivers were addressed. (Exh. D). The other two letters were returned as "unclaimed" not "refused" as plaintiff suggests. (Exh. E). If the officers did not receive the waivers, then this would be good cause for why costs should not be imposed. <u>See</u>, <u>e.g.</u>, <u>Henry v. Glaize Maryland Orchards, Inc.</u>, 103 F.R.D. 589 (D. Md. 1984) (holding defendant not liable for cost of personal service when prior mailed summons was returned to plaintiff's attorney marked "unclaimed").

III.    CONCLUSION

       For the foregoing reasons, this Court should deny plaintiff's motion to deem the

individual defendants served and any other relief requested therein.

                                     Respectfully submitted,

                                     ROBERT J. SPAGNOLETTI
                                     Attorney General for the District of Columbia

                                     GEORGE C. VALENTINE
                                     Deputy Attorney General, Civil Litigation Division

                                     /s/ Holly M. Johnson /s/
                                     HOLLY M. JOHNSON [476331]
                                     Chief, General Litigation Section III

                                     /s/ Carl J. Schifferle /s/
                                     CARL J. SCHIFFERLE [463491]
                                     Assistant Attorney General
                                     Suite 600S
                                     441 Fourth Street, N.W.
                                     Washington, D.C. 20001
                                     (202) 724-6624
                                     (202) 727-3625 (fax)
                                     Email:  carl.schifferle@dc.gov