| GENERAL ORDER | SERIES | NUMBER | EFFECTIVE DATE |
|---|---|---|---|
| | 701 | 4 | March 26, 1975 |

| SUBJECT | DISTRIBUTION |
|---|---|
| Service of Civil Summonses and Subpoenas Upon Members of the Department | A |
| | ORIGINATING UNIT |
| | OGC |

The purpose of this order is to establish policies and procedures concerning the service of summonses and subpoenas directed to members of the department in civil law suits related to the performance of their duties. This order consists of the following parts:

PART I    Responsibilities and Procedures
          for Members of the Department

PART II   Responsibilities and Procedures
          for Special Assignment Personnel

PART III  Responsibilities and Procedures
          for Supervisory and Command Personnel

PART I

A. <u>Summonses</u>.

1. A summons is a legal document notifying the person summoned that an action has been initiated against him in the court where the summons was issued. A person who has been properly served with a summons in a civil action is a defendant in that case, and an answer must be filed in court on his behalf within 20 days from the date of the service of the summons. If an answer is not filed within 20 days, the court can render a default judgment against that defendant. Any member who receives a summons naming him as a defendant in a civil suit should immediately seek legal counsel, regardless of whether the member believes the summons was properly served or improperly served.

2. Members of the department shall not accept personal service of a summons in a civil law suit for any other member, unless specifically authorized to do so by that member. Court rules also permit service of a summons by certified mail, return receipt requested. Members are cautioned against signing for mail addressed to other members unless they have been authorized to do so, or are certain that the envelope for which they are asked to sign does not contain a summons.

3. Members are encouraged to accept proper personal service of summonses on themselves in civil cases related to the performance of duty. A logical and appropriate place for service in such cases is at

the organizational unit. By law, home addresses of members of the department are not a matter of public record, and it is the policy of this department not to disclose the home addresses of members in order to protect the privacy of members and their families. This policy is based on the understanding that members will be available at the place of duty for legitimate purposes related to their duty, to include service of civil process. Thus, it would be unseemly for a member to purposely attempt to evade proper service at the organizational unit for duty-related civil actions. However, no member of the department shall be ordered to meet with a process server or to accept a summons in a civil case.

4. Process servers who seek to serve a summons on a member at the organizational unit shall be directed to the desk sergeant or designated administrative official. The desk sergeant shall determine if the member to be served is available to be notified. Members checking on or off duty are available, but a member shall not be called in from duty to meet with a civil process server. If the member to be served is available, he shall be notified that a process server wishes to see him. The member shall inform the desk sergeant whether he will meet the process server then, at a future time, or whether he refuses to meet with the process server. The desk sergeant shall relay this information to the process server. If the member to be served is not available, the process server shall be told the hours when the member will be on duty and when he will be reporting at the unit. The process server shall be asked if he will attempt service at that time or at a future time or date. If the process server states he will return at a specified time, the member to be served shall be notified of the visit of the process server, and of the time and date when service will again be attempted.

5. Members served with a summons in a civil suit shall immediately read the summons and complaint carefully. Members should take immediate action to assure that an answer is filed in court on their behalf prior to the expiration of the 20 day period. Members may be entitled to free legal representation by the Corporation Counsel in civil suits arising out of acts performed in the line of duty. Members who wish to request representation by the Corporation Counsel

-3-

should immediately obtain and complete PD Form 858 (Request for Representation by the Corporation Counsel) in triplicate. (Refer to General Order No. 201.12, Legal Counsel for Members of the Department). The summons and PD Forms 858 should be personally delivered to the Office of the General Counsel without delay, along with any PD Forms 251, 255, 163, etc., or reports of investigation pertaining to the case, which are readily available to the member served. Members who do not wish to be represented by the Corporation Counsel may obtain private legal counsel at no expense to the city.

    B. <u>Subpoenas</u>.

        1. A subpoena is a legal notice to a <u>witness</u> to appear and give testimony at the place, date and time specified in the subpoena. A subpoena may direct a witness to appear and give testimony only, or a Subpoena Duces Tecum may direct the witness to bring relevant documents.

        2. A subpoena cannot be ignored; it must be complied with, withdrawn or modified by the person who issued it, or modified or quashed by the court. A person who fails without adequate excuse to obey a subpoena can be held in contempt of court.

        3. A subpoena must indicate the name of the case, the date, time and place of appearance, and the name of the person issuing the subpoena, as well as the name of the person being subpoenaed. If any of these elements of a subpoena are missing, a member need not accept service of the subpoena. A subpoena should also bear the signature of the clerk of the court and the seal of the court. Subpoenas issued by private attorneys should be accompanied by $20.80, or should note on the subpoena the phrase "In Forma Pauperis", or "Without Prepayment of Fees" which means that the court has given permission for the subpoena to be issued without tendering a fee. Absence of any of these latter elements shall be pointed out to process servers for correction, but such deficiencies do not constitute grounds for refusal of service. Any member who receives a subpoena and who has questions concerning the subpoena should immediately contact the Office of the General Counsel.

-4-

4. Members of the department shall not accept a subpoena in a civil law suit for another member unless specifically authorized to do so by that member.

5. The procedure for dealing with process servers attempting to serve subpoenas on members at organizational units shall be the same as for service of summonses, as set forth in Part I.A., paragraph 4 of this order.

6. In some cases members will be served with subpoenas which not only require them to appear and testify in person in a case in which they are involved, but also to produce M.P.D. documents related to their testimony. Members are reminded that while they may have access to many M.P.D. documents, they are usually not the official custodian of those documents, and may not release M.P.D. documents without proper authorization. Members who receive subpoenas requiring them to appear and give personal testimony and also to produce M.P.D. documents shall immediately bring the subpoena to the attention of their supervisor and shall notify the Office of the General Counsel. If it is determined that the documents may be released, the member will be authorized to bring the documents to the trial or hearing and he will be given appropriate instructions concerning the production of the documents. If it is determined that the documents may not be released, the Office of the General Counsel may act to have the subpoena withdrawn, quashed, or modified.

7. In some cases, members will be presented with subpoenas requiring production of M.P.D documents in a case of which the member has no personal knowledge. Such subpoenas are usually directed to the Chief of Police, a Division Commander or a District Inspector. Members shall not accept service of subpoenas requiring production of M.P.D. documents for cases of which the member has no knowledge and cannot testify personally unless the member is the official custodian of the documents specified in the subpoena. Process servers attempting to serve such subpoenas shall be told that the subpoena should be directed to the Chief of Police or his designated agent, and served at the Identification and Records Division. If a process server leaves such a subpoena with a member despite

being told that the member cannot accept service of the subpoena, the member shall immediately notify the Office of the General Counsel.

8.  In every case in which a subpoena directed to the department requires the production of M.P.D. documents, the office receiving the subpoena for action shall take immediate action to respond to the subpoena or to have it quashed. If there is a question as to whether the subpoena was invalidly issued or improperly served, or whether the information requested is privileged, or irrelevant to the issues in the case, or unduly burdensome to produce, the subpoena should immediately be brought to the attention of the General Counsel's Office. Frequently requested materials which are often the subject of motions to quash are:

   a.   Investigatory files;

   b.   Records of proceedings and recommendations pertaining to departmental disciplinary matters;

   c.   Personnel jackets of police officers;

   d.   Medical records, unless the subpoena is accompanied by an authorization to release from the patient;

   e.   Statistics, the compilation of which would require a major expenditure of time and manpower.

9.  With few exceptions, the fact that there may be a legal problem with a subpoena is not a valid reason to fail to make timely efforts to obtain the material requested in the subpoena. The department should always be prepared to produce material requested by a subpoena at the time specified in the subpoena, if necessary. Legal questions concerning the validity of the subpoena or the propriety of disclosing the information requested in the subpoena can be determined prior to actual delivery of the information.

10. Every subpoena must be delt with individually, and a subpoena may not be ignored merely because the department has furnished the same information requested in the subpoena to the opposing attorney in the case. In cases in

which the department has furnished information to one attorney prior to receiving a subpoena for the same information from the attorney representing the other side, the General Counsel's Office should immediately be notified so that steps can be taken to prevent unnecessary duplication of effort by the department.

11.  Members receiving a subpoena who have questions concerning the subpoena or who wish to have a subpoena quashed, modified or withdrawn should contact the Office of the General Counsel.  Members receiving subpoenas who are parties in a case and who are represented by counsel should immediately notify their counsel of the subpoena.

C.  Notice of Deposition.

1.  A Notice of Deposition is a document informing a *witness* of the intention to pursue and discover a matter involved in a lawsuit through the taking of testimony under oath.  The deposition usually occurs outside of the court setting (an attorney's office or similar setting).  Normally, the lawyers for all parties to the trial and a stenographer will be present at the time of the deposition.  The witness being deposed can be subjected to questioning by all parties present and the questioning can extend into areas, such as hearsay, which are not admissable as evidence in the trial.

2.  Because of the importance of depositions as prior recorded testimony, members of the department shall immediately, upon receipt of a Notice of Deposition relative to one of their cases or other business of the department, contact the Office of the General Counsel for guidance. Members of the department shall not accept personal service of a Notice of Deposition for any member unless specifically authorized by that member.

3.  Members are not authorized to release any records (particularly personnel records), files or other papers of the department.  This prohibition, as to release, does not apply to the official custodians of department records.  Any case jacket, personal documents, notes, or materials relevant to the particular case shall be presented to the General Counsel for review.

General Order No. 701.4
(Revised October 9, 1977)

-7-

PART II

    A.   <u>Desk Sergeants or Designated Administrative Officials.</u>

        1.  Desk sergeants or designated administrative officials shall determine if members upon whom service is sought are available for service. If a member is available, the desk sergeant shall notify him of the presence of the process server and shall inquire if the member will meet with the process server. He shall notify the process server of the member's response.

        2.  If the member is not available, the desk sergeant shall determine when the member will be working and also when he is expected to be at the unit. He shall give this information to the process server and shall ask him if he will attempt service at another time. If the process server specifies a time and date when service will again be attempted, the desk sergeant shall notify the member to be served of the first attempted service, the name of the process server, the name of the case, and the date and time when service will again be attempted. (The information pertaining to the attempted service need be recorded only to the extent necessary to make notification to the member to be served. Notification notices need not be maintained, except as may be required by unit commanders).

        3.  If the desk sergeant believes there is some reason why the procedure set forth in this order should not be followed in a particular case, he shall notify his supervising official and request instructions.

PART III

    A.   <u>Commanders.</u>

        1.  Commanders shall ensure that members of their command are familiar with the requirements of this order and they shall implement a system for notification of members as set forth in part I, paragraph A.4. and part II, A.

        2.  Commanders shall also ensure that prompt action is taken on subpoenas which are forwarded for action from the Office of the Chief of Police. If there is any

-8-

question whether the documents requested can or should be produced in order to comply with the subpoena, the Office of the General Counsel shall immediately be notified.

    B.    <u>Office of the Chief of Police</u>.

        1.    The Chief of Police's receptionist shall accept service of summonses and subpoenas directed to the Chief of Police in civil actions. The receptionist shall review subpoenas for proper form in accordance with part I.B.3 of this order. If there is a question as to the validity of a subpoena, the Office of the General Counsel shall be notified.

        2.    The Chief's receptionist shall log in subpoenas as they are received and forward them to the appropriate unit for action.

MJC:RYPARKER:tsj

Maurice J. Cullinane
Chief of Police