UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRON SHAW, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. #1:05CV01284 (CKK) |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

REPLY MEMORANDUM IN SUPPORT OF MOTION
TO DEEM DEFENDANTS SERVED AND FOR
<u>REQUIRING DEFENDANTS TO PAY COSTS OF SERVICE</u>

Having refused to cooperate in receiving service of the complaint in this case over a period of months, defendants Keith Green, Robert Underwood and M. Nguyen, have, *immediately* following receipt of a motion seeking to have them deemed served and charged with costs of service, authorized the office of the District of Columbia Attorney General to accept *informal mail service on their behalf*. This is better than continued stonewalling, but it is not good enough to avoid the imposition upon them of the costs of service, as requested in the motion. As for defendant Kevin Davis, he still has yet to make his intentions known. As to him, the pending motion has not been mooted in any particular.

Background

Plaintiff's difficulties in serving the individual defendants has been set forth in the initial moving papers, and will not be repeated here.

Promptly following service of plaintiff's pending motion, plaintiff was called by counsel from the D.C. Attorney General's Office (Mr. Bruckheim) advising that – *mirabile dictu* – defendants Green, Underwood and Nguyen had just authorized counsel to accept service of the complaint on their behalf, and that service could be effected by mail addressed to counsel.[1] Service on counsel ordinarily not being sufficient service on an individual defendant, it is perfectly apparent that what was at issue here – and the only thing that was at issue here – was an effort to moot the pending motion, at least in part.

The undersigned thereupon mailed to the Attorney General's office the summonses and complaints to the named defendants which had been previously returned to him by the unsuccessful process server. Defendants Geer, Green, Underwood and Nguyen have now been served, and the court need take no further action with regard to securing their proper service. Remaining at bar are the questions of costs of service, and service upon defendant Davis.

A. <u>Plaintiff Did Not Fail to Consult As Required</u>

The District's contention that counsel failed to consult as required by rule is meritless. The pending motion was filed on October 18, 2005. On October 12, and twice on October 14, the undersigned solicited the District's cooperation on the service issue, advising that he would be filing a motion to secure service of the individual defendants if the District did not forthwith confirm a procedure to effect service that would be timely and efficacious. Counsel repeatedly asked for cooperation in this regard, the need for which was manifest since his 120-day service

---

[1] It is notable that such informal and technically insufficient service was declared sufficient by the same office that insists on perfected service on the defendant who remains recalcitrant to date.

deadline was fast approaching. Furthermore, as counsel explained, he was facing a summary judgment motion in another case scheduled for October 21, and a trial scheduled to start October 25, and thus could not await the very last moment (on or about October 24, 2005, or 120 days following the filing of suit). All of this appears in the emails constituting exhibits I, J and K to plaintiff's initial memorandum. Why the District ignores these repeated requests for assistance is a mystery.

The only response which plaintiff's counsel ever received, in response to his multiple requests for cooperation in meeting a fast-approaching service deadline, was the District's counsel's advice that he would confer with his supervisor. The consultation yielded no fruit.[2] Six days after again seeking the District's cooperation, faced with an expiring deadline and the constraints of his own litigation preparation, on October 18, the undersigned, having heard nothing further from the District, filed this motion.

The history of this matter does not support any contention that plaintiff's counsel failed to consult. His emails virtually beg the District to act responsibly in the matter. Nothing of the sort happened – until, on the heels of the filing of his motion, the requisite steps were taken. If there was a failure of consultation here, it is not to be charged to the plaintiff.

---

[2]The District's internal consultation protocols are decidedly time consuming, at least when it comes to giving plaintiff relief. Thus, even on such a matter as the District's obtaining the approval of the remaining defendant – Davis – to accept service on his behalf, the District requests "a period of time to seek authority from the officer to accept service on his behalf." Memo. at 10. n.3. Why this is not something that could be done in the period prior to the adjudication of the pending motion, so that no further delay would be needed, is unclear.

B. <u>Defendant Davis Manifestly Avoided Service</u>

At issue is not a misguided or mislaid letter, or an unknown lawsuit inadvertently ignored. The court will note that Officer Davis – who is, incidentally, the one accused of actually beating plaintiff – has filed no affidavit attesting to his unawareness of the suit, or his non-receipt of counsel's repeated communications to him, or his unawareness that a process server was trying to serve him as per the instructions of counsel for the District. Officer Davis remains, on information and belief, a policeman employed by the District and is presumably available for appropriate assistance to the District on this motion. The reason for defendant Davis' silence is not long in finding, however, given counsel's repeated service attempts on defendant Davis – *see*, plaintiff's initial Exhibits C and D – and the process server's affidavit (Exhibit H). This uncontested evidence demonstrates why defendant Davis has nothing helpful to say about why he has not yet been served.

C. <u>The Court Should Either Deem Defendant Davis Served, or Order That He Be Made Available For Service At No Further Cost To The Plaintiff</u>

Having rushed to accept informal substitute service upon the other recalcitrant defendants in the face of plaintiff's pending motion, the District – which has not yet decided whether to extend a defense to defendant Davis – disputes plaintiff's right to assistance from this court in having this defendant served.[3] The District's argument should fall on deaf ears.

---

[3]As a last, disfavored, resort, plaintiff has requested (if all else fails) that he be given defendant Davis' home address, so as to effect service there. As plaintiff's moving papers observe, and as the District agrees, this alternative can and should be avoided.

Plaintiff grants that defendant Davis, as an individual defendant, has the indubitable right to defend this suit using all the tricks, loopholes, avoidances and dilatory behaviors that can properly be countenanced in a court of law. But in addition to being an individual defendant, defendant Davis is a law enforcement officer in the employ of defendant District of Columbia. The District presumably has an interest in seeing to it that its employees, including particularly its law enforcement employees, do not misbehave to the injury of the citizenry; an interest in seeing that its own citizens are afforded the "just, speedy and inexpensive determination," *Fed.R.Civ.P.* 1, of litigation arising out of the potentially criminal misbehavior of its employees; an interest in seeing that its employees, including particularly its law enforcement personnel, do not engage in vexatious, costly and otherwise inappropriate conduct before this or any other court; and an interest in being seen itself as a responsible employer and a responsible litigant.

Plaintiff does not come before the court having made no, or insufficient, efforts at serving defendant Davis. The exhibits submitted with plaintiff's motion belie any such notion. It is also imperative to note that defendants, whose home addresses are unknown and the release of which is understandably contested by the District, are police officers who must be served in the police stations where they work. This is not an ordinary workplace in which a canny process-server can readily obtain access to his subject. The barriers to effective service are many, and serious. Faulting an experienced, professional process server for not getting through the defensive line available to protect an uncooperative police defendant is disingenuous at best.

There comes a point that a court can fairly conclude that enough is enough. Plaintiff respectfully submits that in light of the service attempts set forth in plaintiff's moving papers, we

are at this point with defendant Davis, and that if defendant Davis is not to be deemed served, the court should order the District to make him available for service at no further cost to the plaintiff.

### D. Costs of Service Should Be Imposed on the Individual Defendants

Plaintiff notes, preliminarily, that none of the served defendants have filed any opposition to the pending motion. While the District has standing to assert its rights relative to ordering an employee to accept service (or releasing his address), it is not for the District to object to relief sought solely from other defendants. The undersigned has no idea whether a further opposition will be filed by any of the individuals from whom costs are sought. Should such opposition be filed, plaintiff respectfully reserves the right to supplement the instant memorandum as may be appropriate.

Turning to the merits of the District's arguments, plaintiff respectfully submits that they raise form over substance and are insufficient to the task set out for them.

Counsel has previously stated (subject to *Fed.R.Civ.P.* 11) that he attempted to serve the individual defendants by certified mail in care of D.C. Police Headquarters, at the same time as he served the District by certified mail. This was in July, 2005. While return receipts were received from the District, not one was received from the individuals. Notwithstanding, it is certain that the mail was received, as one Officer P. Nguyen contacted counsel and informed him that the service packet intended for defendant M. Nguyen had mistakenly been delivered to him. (P. Nguyen returned the packet, which was then re-sent to defendant M. Nguyen.)

The undersigned does not know why he did not receive return receipts from any of the service packets sent to D.C. Police Headquarters in July, including the one manifestly received by P. Nguyen. More significantly, none of the individual defendants has filed anything with this court even so much as to suggest that he did not get the July service packet, or the second service packet mailed September 15, 2005 (Exhibit C to plaintiff's motion). This pregnant silence bespeaks what is undoubtedly the case: that the individual defendants knew full well of the service attempts upon them, and saw fit to ignore and avoid them – until the pending motion was filed, causing them immediately to authorize the District's counsel to accept informal service of process upon them.

Counsel's motion for costs was filed and served October 18, 2005, long after the initial attempted service in July via certified mail. It is true that, as the 120-day deadline neared and nothing was forthcoming from the District except promises to consult with superiors, counsel saw fit to proceed with a final attempt at personal service, thereby engendering the costs now sought to be recovered. But those service attempts long post-dated the initial service efforts, which yielded precisely the same fruit as that giving rise to this motion: none.

The court can and should find that the individual defendants failed to accept mail service in July, just as (with the exception of defendant Geer) they assiduously failed to make themselves reasonably available for service by a process server in October. There is no reason for the plaintiff to bear the resulting substantial costs of service, and every reason for the individual defendants to bear them.

Conclusion

For these reasons, and for the reasons set forth in plaintiff's initial papers, plaintiff's motion to have defendant Davis deemed served, or to require the District to order him to make himself available for service, and plaintiff's motion to have the individual defendants pay for the costs of service, should be granted.

Respectfully submitted,

DARRON SHAW,

By counsel

Dated: November 3, 2005

Counsel for plaintiff:

Victor M. Glasberg, #927798
Paul Gowder
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
(703) 684-1100 / Fax: 703-684-1104
vmg@robinhoodesq.com

Shaw\Pleadings\ReplyServed&Costs

Certificate of Service

I, Victor M. Glasberg, hereby certify that a true and accurate copy of the foregoing Reply Memorandum in Support of Motion to Deem Defendants Served and for Requiring Defendants to Pay Costs of Service served as indicated below, on this 3rd day of November 2005, to:

Electronically:

Carl J. Schifferle, Assistant Attorney General
Michael P. Bruckheim, Assistant
  Attorney General
Attorney General's Office
441 Fourth Street, N.W., #600S
Washington, D.C.  20001

By mail:

Kevin Davis
Metropolitan Police Department
Third District Substation
750 Park Road, N.W.
Washington, D.C.  20009

_____
Victor M. Glasberg