UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRON SHAW, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1284 (CKK) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

### DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER STAYING DISCOVERY

Defendant District of Columbia[1] files this reply in support of its motion for a stay pending the conclusion of a criminal investigation in this matter. Plaintiff's opposing arguments fail to alter the balance of interests, which favors the defendants and the entry of a limited stay.

Plaintiff does not rebut the serious prejudice to defendants absent a stay. While plaintiff contends that it is "pure speculation as to <u>which</u> defendants might be indicted," plaintiff does not deny the very real and imminent possibility that some indictment is forthcoming. (Mot. 3). Plaintiff also does not deny that the District cannot mount an effective defense to this lawsuit while the criminal investigation is proceeding. Plaintiff's response is that this prejudice to the District should simply be ignored because somehow the District is to blame for entering into the Memorandum of Agreement (MOA) with the U.S. Department of Justice, which precludes the District from interviewing its officers and completing its own internal investigation of the incident until at least

---

[1] Undersigned counsel represents only the defendant District of Columbia, not the five individual defendant officers. Four of the five officers are represented by separate counsel within the Office of Attorney General (OAG).

the conclusion of the criminal investigation. (Mot. 4). Since the MOA has a pertinent public policy rationale – a commitment to minimize the risk of excessive use of force and to promote police integrity – plaintiff's dismissal of the District's interests, as well as the interests served by the MOA, is puzzling to say the least. Plaintiff therefore has no real response to the identified prejudice to defendants that supports a stay.

Plaintiff offers no countervailing prejudice that he would suffer from the entry of a stay. Plaintiff misplaces his reliance on two factors. The first alleged factor – that "the individual defendants' dilatory tactics" regarding service "have already wasted a significant amount of time" – is unsupported by the record. (Mot. 6). This particular allegation is fully addressed in the District's opposition to plaintiff's motion to deem the officers served (and for other relief). As discussed therein, no evidence exists that the officers were evading service, the plaintiff's efforts at effecting service were far from diligent, and four of the five officers have already been served or authorized their separate OAG counsel to accept service.[2] With regard to the second factor, plaintiff speculates, without any basis, that defendants might use a stay to hide assets so plaintiff cannot collect on any judgment. (Mot. 6). The District's assets of course cannot be hidden, a judgment is only a remote, long-term possibility, and even if plaintiff had some basis for this concern, there is no reason that the requested stay, rather than any other extension or continuance that may be requested in this litigation, would have such effect.

Moreover, a stay would conserve resources and enhance judicial efficiency. There is no disagreement that the conclusion of the criminal investigation would clarify many key issues in

---

[2] In his reply memorandum, plaintiff suggests that several officers authorized acceptance of service by their OAG counsel only because of the plaintiff's motion regarding service, but in fact this only shows that plaintiff's motion was unnecessary and that such resolution could have been reached if plaintiff had simply given undersigned counsel a chance to resolve the issue within the agreed upon time.

2

this case.  For example, plaintiff does not dispute the benefit of a completed investigation (both criminal and administrative) for streamlining discovery and facilitating early settlement discussions.  In addition, plaintiff miscomprehends how a stay could also increase judicial efficiency by eliminating a potential conflict of interest precluding joint representation of the defendants.  (Mot. 7).  Until the conclusion of the criminal investigation and subsequent administrative investigation, which must occur shortly thereafter, the District cannot know whether the officers' conduct was justified, and therefore joint representation is not possible at this time.  If the officers are exonerated, then the potential conflict of interest would be removed, and the case could proceed much more quickly and efficiently.

For the foregoing reasons and the reasons stated in the District's original motion, the balance of interests favors a stay of these proceedings, or alternatively a stay of discovery, until the conclusion of the criminal investigation in this matter.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III

/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov