UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRON SHAW, :
:
    Plaintiff, :
:
v. :
: CV-05-1284 (CKK)
DISTRICT OF COLUMBIA, et al., :
:
    Defendants. :
_____ :

**DEFENDANT ROBERT UNDERWOOD'S ANSWER TO THE COMPLAINT**

Defendant Robert Underwood ("Defendant") answers the Complaint with particularity and in like-numbered paragraphs as follows:

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

1.    The allegations contained in paragraph number 1 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, defendant denies these allegations and demands strict proof at trial. Defendant Robert Underwood admits the existence of the statutes cited in paragraph number 1 of the Complaint, but denies that jurisdiction is conferred upon this Court solely by reason thereof.

2.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 2 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

3.    Defendant admits that the officers named in paragraph number 3 of the Complaint are police officers with the Metropolitan Police Department. Regarding plaintiff's statement that these officers were acting under color of law of the District of Columbia, defendant states that the statement is a conclusion of law and/or of the pleader, and as such, no response is necessary.

4. Defendant admits that MPD is operated by the District of Columbia. The remaining allegations are the conclusions of the pleader to which no response is required.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph number 5 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

6. The allegation in paragraph 6 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph number 7 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph number 8 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph number 9 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph number 10 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

11. With respect to the first allegation set forth, defendant denies being present at any time during the alleged incident. With respect to the remaining allegations, defendant lacks sufficient knowledge or information to form a belief as to the truth of the statements contained in paragraph

number 11 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph number 12 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph number 13 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph number 14 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph number 15 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

16. The allegations contained in paragraph number 16 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

17. The allegations contained in paragraph number 17 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

18. The allegations contained in paragraph number 18 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

19. The allegations contained in paragraph number 19 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

20. The allegations contained in paragraph number 20 of the Complaint are directed to the District of Columbia and contain conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph number 21 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

22. The allegations contained in paragraph number 22 of the Complaint are directed to the District of Columbia, and this defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph number 22 of the Complaint. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

**Count I: Violation of Fourth Amendment: Officer Davis**

23. The allegations in paragraph number 23 of the Complaint do not refer to defendant Underwood. Accordingly, no response is necessary. To the extent a response is required, this defendant denies the allegations and demands strict proof at trial.

**Count II:  Violation of Fourth Amendment: Defendants Green, Geer, Underwood and Nguyen**

24. The allegations contained in paragraph number 24 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary. To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

**Count III: Violation of Fourth Amendment: District of Columbia**

25. The allegations in paragraph number 25 of the Complaint do not refer to defendant Underwood.  Accordingly, no response is necessary.  To the extent a response is required, this defendant denies this allegation and demands strict proof at trial.

**Count IV: Violation of Fifth Amendment: Defendants Geer, Green, Underwood and Nguyen**

26. The allegations contained in paragraph number 26 of the Complaint are conclusions of law and/or of the pleader, and as such, no response is necessary.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

**Count VIII:  Gross Negligence[1]**

27. This allegation does not refer to defendant Underwood.  Accordingly, no response is necessary.  To the extent a response is required, defendant denies this allegation and demands strict proof at trial.

Further answering the Complaint, all allegations not specifically admitted herein are denied.

**Third Defense**

If plaintiff was injured and/or incurred damages as alleged in the Complaint, such injuries and/or damages was the result of his sole and/or contributory negligence and/or his assumption of the risk and/or his wanton and willful conduct and/or the acts of a third party.

---

[1]  On or about September 27, 2005, plaintiff voluntarily dismissed Counts V, VI and VII from the Complaint.  See Docket Entry #6.

### Fourth Defense

If plaintiff was injured and/or incurred damages as alleged in the Complaint, such injuries and/or damages was the result of the negligence of a person or persons other than the defendant.

### Fifth Defense

Plaintiff has failed to mitigate his damages.

### Sixth Defense

Defendant is immune under the doctrines of qualified immunity and/or privilege.

### Seventh Defense

The statute of limitations and/or the doctrine of laches may bar this action.

### Eighth Defense

Defendant's actions were not the proximate cause of plaintiff's injuries.

### Ninth Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages were not caused by a breach of duty owed plaintiff by this defendant.

### Tenth Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, then such injuries and/or damages were caused by superseding causes not within the defendant's control.

### Eleventh Defense

At all times relevant and appropriate, the defendant has fulfilled any and all legal obligations that may have been owed to the plaintiff.

### Twelfth Defense

This defendant did not engage in any unlawful contact with the plaintiff.

### JURY DEMAND

This defendant demands a trial by a jury of twelve (12).

Defendant reserves the right to amend his Answer should facts learned in discovery so warrant.

WHEREFORE, having fully answered, defendant Underwood urges the Court to dismiss the Complaint with prejudice and award costs and attorney's fees to this defendant.

>Respectfully submitted,
>
>NADINE C. WILBURN
>Assistant Deputy Attorney General, Civil Litigation Division
>
>__\s_____
>PATRICIA A. JONES [428132]
>Chief, General Litigation Sec. IV
>
>___\s_____
>MICHAEL P. BRUCKHEIM [455192]
>Assistant Attorney General
>441 4TH Street, NW, 6th Floor-South
>Washington, D.C.  20001
>202-724-6649; 202-727-6295