THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRON SHAW, )<br>)<br>   Plaintiff, )<br>)<br>      v. )<br>)<br>THE DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>   Defendants. )<br>_____ ) | Civil Action No. 05-1284 (CKK) |

### DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT

Defendant District of Columbia ("defendant"), through counsel, hereby responds to plaintiff's Complaint as follows.

#### First Defense

Preliminary and Jurisdictional Statement

1. Paragraph 1 of the Complaint states plaintiff's theory of the case, to which no response is required; to the extent that a response is required, defendant denies the allegations therein. Defendant further acknowledges the statutes cited in paragraph 1 of the Complaint but denies that jurisdiction is necessarily conferred thereby.

Parties

2. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 2 of the Complaint.

3. The allegations contained in paragraph 3 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendants

1

admit that Kevin Davis, Keith Green, Jonathan Geer, Robert Underwood and Minh Nguyen are police officers within the District of Columbia's Metropolitan Police Department.

4.      Defendant admits that the Metropolitan Police Department is an agency of the District of Columbia.

Claim for Relief

5.      Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint contains conclusions of law or of the pleader, to which no response is required; to the extent that a response is required, defendant denies the allegations therein.

7.      Defendants admit that police officers detained plaintiff and several other individuals in reference to a suspected crime. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 7 of the Complaint.

8.      Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 8 of the Complaint.

9.      Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 9 of the Complaint.

10.     Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 10 of the Complaint.

11.     Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 11 of the Complaint.

12.     Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 12 of the Complaint.

13. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 13 of the Complaint.

14. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies the allegations therein.

17. Paragraph 17 of the Complaint states conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies the allegations therein.

18. Paragraph 18 of the Complaint states conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies the allegations therein.

19. Paragraph 19 of the Complaint states conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies the allegations therein.

20. Paragraph 20 of the Complaint states conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies the allegations therein.

21. Paragraph 21 of the Complaint states conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies the allegations

therein. Defendant further lacks sufficient knowledge or information to admit or deny the existence or extent of plaintiff's alleged injuries and damages.

22. Paragraph 22 of the Complaint states conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies the allegations therein.

## Causes of Action

### Count I
### Violation of Fourth Amendment: Defendant Davis

23. Count I of the Complaint is not made against defendant District of Columbia, and thus this defendant is not required to respond to the allegations under this count.

### Count II
### Violation of Fourth Amendment:  Defendants Green, Geer, Underwood and Nguyen

24. Count II of the Complaint is not made against defendant District of Columbia, and thus this defendant is not required to respond to the allegations under this count.

### Count III
### Violation of the Fourth Amendment: District of Columbia

25. Paragraph 25 of the Complaint contains conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies the allegations therein.

### Count IV
### Violation of Fifth Amendment: Defendants Davis, Green, Geer, Underwood and Nguyen

26. Count IV of the Complaint is not made against defendant District of Columbia, and thus this defendant is not required to respond to the allegations under this count.

Count V
Assault and Battery: Defendants Davis and District of Columbia

27.     Count V of the Complaint was dismissed by stipulation filed on September 27, 2005, and thus defendant is not required to respond to the allegations under this count.

Count VI
False Arrest: All Defendants

28.     Count VI of the Complaint was dismissed by stipulation filed on September 27, 2005, and thus defendant is not required to respond to the allegations under this count.

Count VII
Defamation of Character: All Defendants

29.     Count VII of the Complaint was dismissed by stipulation filed on September 27, 2005, and thus defendant is not required to respond to the allegations under this count.

Count VIII
Gross Negligence

30.     Paragraph 30 of the Complaint states conclusions of law or of the pleader, to which no response is required; to the extent that a response is required, defendant denies the allegations therein.

Any allegations not expressly admitted are hereby denied.

Second Defense

Plaintiff may have failed to mitigate his injuries and/or damages.

Third Defense

Plaintiff failed to satisfy the mandatory notice requirements of D.C. Code § 12-309.

### Fourth Defense

Defendant is entitled to absolute immunity, qualified immunity, governmental immunity, and/or discretionary function immunity.

### Fifth Defense

The actions of defendant, its agents, servants and employees were taken in good faith and with reasonable belief in their lawfulness.

### Sixth Defense

If the plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of his own unlawful, wanton, willful or reckless conduct, sole or contributory negligence, and/or assumption of the risk.

### Seventh Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of acts or omissions of a person or persons other than defendant District of Columbia or its agents, servants and employees acting within the scope of their employment.

### JURY TRIAL DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

7